CASE 46—MISDEMEANOR—Nov. 18. ·

107 269
c110 604

# Commonwealth v. Bond.

APPEAL FROM ANDERSON CIRCUIT COURT.

CRIMINAL LAW—FAILURE TO REPORT WHISKY IN WAREHOUSE—INDICT- · MENT.—An indictment, under section 4111 of the Kentucky Statutes, for failure to make the report of whisky in a bonded warehouse upon which Government tax has become due, is fatally defective if it fail to allege that there was whisky in such warehouse upon which Government tax had become due during the period for which such report was required.

W. S. TAYLOR, ATTORNEY GENERAL, AND R. F. PEAK, COMMONWEALTH'S ATTORNEY, FOR THE APPELLANT.

Section 4111, Kentucky Statutes, contemplates the making of a report by the owner of a bonded warehouse whether any spirits were stored therein for the period covered or not.

D. W. LINDSEY, FOR THE APPELLEE.    (L. W. McKEE, OF COUNSEL).

The indictment was fatally defective in failing to allege that the defendant had whisky in his bonded warehouse upon which the Government tax had become due during the period for which the report was required.

Citations:—Kentucky Statutes, sections 4110, 4111, 4112, 4114, 4143; Ency. of Pl. & Pr., vol. 10, pp. 473-4.

·CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellee was the owner or proprietor of a bonded warehouse, and was indicted for not making the statement or report required by section 4111 of the Kentucky

Statutes. The indictment was held bad on demurrer, hence this appeal by the Commonwealth.

A brief review of the statutory provisions controlling the assessment and collection of taxes on distilled spirits will make clear, we think, the object intended to be accomplished by the section under which the indictment was found.

Section 4105 provides that every owner or proprietor of a bonded warehouse, in which distilled spirits are stored, shall, in writing, between the fifteenth day of September and the first day of October of each year, make a report to the Auditor of Public Accounts showing the quantity and kind of spirits in such warehouse on the fifteenth day of September in the year the statement is required to be made, the date when made, the serial number of the packages in which it is contained; the county, city, town or taxing district in which the warehouse is situated; whether or not the United States Government tax has been paid thereon, if not, the date of the expiration of the bonded period; the fair cash value of the spirits, estimated at the price it would bring at a fair voluntary sale, and such other facts pertaining to such spirits as the Auditor may require.

This report (section 4106) shall be submitted by the Auditor to a Board of Valuation and Assessment, composed of the Auditor, the Treasurer and Secretary of State, and this Board shall fix the value of the spirits so reported and (section 4107) assess the same for the purposes of taxation, and notify the owner or proprietor, etc.

Section 4110 provides that "Taxes on distilled spirits which may be assessed while in a bonded warehouse, and on which the United States Government tax has not been

paid, or will not become due before the first day of March after the assessment, shall be due on the first day of January, May and September next after the said Government tax becomes due or be paid, or when the spirits are removed from the warehouse; and the taxes on each year's assessment shall bear interest as other taxes."

We thus have ample provision made for the ascertainment of the existence and location of all distilled spirits, to the end that assessment for taxation may be made. But it was still necessary to know when the Government tax, if any, had been paid on any of the spirits in the bonded warehouses, or when any such tax, if any, had become due, or when any of the spirits had been removed, because upon the happening of either of these contingencies, the taxes imposed under the State laws became due and payable.

Thereupon, it was provided by section 4111, under which this indictment was found, that "Every owner or proprietor of a bonded warehouse in which distilled spirits may be stored, as contemplated by the preceding section, shall, on the first day of January, May and September next after said Government tax shall have been paid, become due, or be removed from the warehouse, make and transmit to the Auditor of Public Accounts and the clerk of the county court in which the spirits may have been at the time of the assessment, a statement, sworn to by the person whose duty it is to make the report, showing the quantity of spirits on which the Government tax has been paid, or has become due, and what spirits have been removed from the warehouse during the preceding four months; the years in which such spirits were assessed for taxation, the serial number of packages in which it is contained, and the county, city, town

or taxing district in which the warehouse is situated in which the spirits were stored at the time of the assessment, and shall, at the same time, pay all taxes and interest on such spirits due the State, county, taxing district, city or town, to the officer entitled to receive the same."

Upon the theory that every owner or proprietor of a bonded warehouse in which distilled spirits might be stored, that is, every owner or proprietor of such warehouse in which it was possible to store distilled spirits, must make the report provided for in section 4111, the Attorney for Commonwealth has so drawn the indictment in this case, as that it does not appear upon its averments that any distilled spirits were in fact stored in appellee's warehouse; it being his contention that the report under the section must be made whether or not there were any spirits stored therein.

We think otherwise. The report provided for in section 4111 was for the purpose of showing the quantity of the spirits which, having theretofore been assessed under the provisions of the preceding sections, had been removed from the warehouse, thus making the State and municipal tax due and payable, or upon which the State and municipal tax had become due because the bonded period had expired, or under which the tax due the United States had been paid; at which time the State and municipal tax also became due. And, when this report was made, the taxes imposed under our statute were to be paid on the spirits removed, or on which the Government tax had been paid, or on which such tax had become due.

If, therefore, there were no spirits actually stored in appellee's warehouse, and actually assessed under sections 4105 to 4110, and which had been removed during the four months preceding the first day of January, May

and September, or on which the Government tax had not been paid or had become due, then no report was required.

This was the view of the trial court, and the judgment dismissing the indictment on demurrer is affirmed.