CASE 68—INDICTMENT AGAINST PEACOCK DISTILLING COMPANY FOR
FAILING TO MAKE A REPORT TO THE AUDITOR OF PUBLIC ACCOUNTS.
AND THE CLERK OF THE COUNTY COURT—APRIL 19.

# Peacock Distilling Co. v. Commonwealth.

APPEAL FROM BOURBON CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. AFFIRMED.

TAXATION—FAILING TO REPORT DISTILLED SPIRITS REMOVED FROM
BONDED WAREHOUSE—INDICTMENT.

Held: 1. Under Kentucky Statutes, section 4111, the owner or pro-
prietor of a bonded warehouse in which distilled spirits are
stored must report to the State Auditor and to the county court
clerk the removal of spirits therefrom, whether or not they
had been previously assessed for taxation, though the section
refers to the warehouse "in which the spirits were stored at the
time of the assessment," and requires the owner to report "the
years in which such spirits were assessed for taxation," and
to pay the taxes due thereon; it being the manifest purpose of
the statute to prevent such spirits from escaping assessment.
2. An indictment under that statute sufficiently alleged that de-
fendant was the owner of the warehouse at the time the spirits
were removed, though the only direct allegation as to the
ownership of the warehouse was that defendant owned it at
the time the report was due.

EMMET M. DICKSON, ATTORNEY FOR APPELLANT.

AUTHORITIES CITED.

SYNOPSIS.

1. The indictment in this case is fatally defective in that it fails to
charge that any distilled spirits had been withdrawn from de-
fendant's bonded warehouse which had been assessed for taxa-
tion. Ky. Stats., secs. 4105, 4109, 4110, 4111.

2. The indictment in this case is fatally defective in failing to charge that the defendant was the owner or proprietor of the bonded warehouse in Bourbon county, Ky., at the time the distilled spirits stored therein were alleged to have been removed.

3. Refusal to give peremptory instructions.

4. Errors of court in rejecting testimony. Louisville & Jeffersonville Ferry Co. v. Commonwealth and Central Railway & Bridge Co. v. Commonwealth, 20 Ky. Law Rep., pp. 927 and 933; Commonwealth v. Bond, 21 Ky. Law Rep., p. 972; Bishop on Criminal Law, vol. 1, sec. 296, p. 176.

5. Errors in instructions of the court. (a) In refusing a peremptory instruction on motion of defendant; (b) because the court failed to charge the jury that before they could find the defendant guilty, they must believe from the evidence that the distilled spirits alleged to have been withdrawn from defendant's bonded warehouse had been assessed for taxation; (c) because the court failed to instruct the jury that before they could find the defendant guilty they must believe from the evidence that defendant was the owner or proprietor of the bonded warehouse, from which the distilled spirits were alleged to have been withdrawn, during the four months preceding May 1, 1898; (d) because the instructions give undue prominence to particular facts; (e) because the court instructed the jury as to facts not proven in the case. Arnold v. Commonwealth, 3 Ky. Law Rep., 394; Madden v. Commonwealth, 4 Ky. Law Rep., 45; Bradfford v. Commonwealth, 13 Ky. Law Rep., 154; Buchanan v. Commonwealth, 86 Ky., 110.

ROBT. J. BRECKINRIDGE, ATTORNEY-GENERAL, AND CLEM J. WHITTEMORE, FOR APPELLEE.

The appellant was fined $550 for failing to report on May 1, 1898, spirits withdrawn from its bonded warehouse as required by section 4111, Kentucky Statutes.

1. The defendant was indicted for a statutory offense. It is a well-settled, general rule that in an indictment for an offense created by statute it is sufficient to describe the offense in the words of the statute.

2. The indictment charges that the bonded warehouse was owned by the defendant at the time the alleged offense was committed.

3 The court properly refused to give peremptory instructions to find the defendant not guilty. The evidence was sufficient to allow the jury to pass upon the question of defendant's guilt.

Peacock Distilling Co. v. Commonwealth.

4. The appellant fails to call attention to the "incompetent" evi-
dence introduced, or to the "competent" evidence offered and.
excluded.

### AUTHORITIES CITED:

Wharton's Crim. Law, vol. 1, sec, 364, p. 220; 10 Ky. Law Rep.,
911; Davis v. Com., 13 Bush, 320; Ellis v. Com., 3 Ky. Law
Rep., 251; Roberson's Crim. Law & Procedure, vol. 2, p. 1057;
Com. v. Bond, 21 L. R., 972.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

The appellant was indicted and convicted in the Bour-
bon Circuit Court for failing to report on May 1, 1898,
the distilled spirits withdrawn from the distillery bonded
warehouse owned by it in Bourbon county, as required
by section 4111 of the Kentucky Statutes. The particular
circumstances of the offense charged in the indictment
are that appellant was "on the first day of May, 1898, the
owner and proprietor of a distillery bonded warehouse,
situated in the county of Bourbon and the State of Ken-
tucky, in which said warehouse during the four months
next preceding said first day of May, 1898, distilled spirits
were stored, and upon which said spirits within said period
the United States Government tax had been paid, become
due, and which were removed from said warehouse, being
charged by law with the duty on the 1st day of May next
after said Government tax shall have been paid, become
due, or the spirits removed from the warehouse, of making
and transmitting to the auditor of public accounts of the
State of Kentucky and the clerk of the county court afore-
said, a statement, sworn to by the person whose duty it
is to make the report, showing the quantity of spirits on
which the Government tax had been paid or become due,
and what spirits had been removed from the warehouse
during the preceding four months, the years in which the
said spirits were assessed for taxation, the serial number

of packages in which it was contained, and the county, city, town, or taxing district in which the warehouse was situated in which the spirits were stored at the time of the assessment; in the county of Bourbon and State of Kentucky, on the 1st day of May, 1898, did willfully fail to make and transmit to the auditor of public accounts of the State of Kentucky and the clerk of the county court in the county of Bourbon, any report showing such facts, or any of them." Appellant complains that the lower court erred in overruling its demurrer to this indictment, it being insisted that it is fatally defective in failing to charge that any distilled spirits had been withdrawn from defendant's bonded warehouse which had been assessed for taxation. Section 4111 of the Kentucky Statutes, under which the indictment was drawn, is as follows, viz.: "Every owner or proprietor of a bonded warehouse in which distilled spirits may be stored, as contemplated in the preceding section, shall, on the first day of January, May and September next after said Government tax shall have been paid, become due, or removed from the warehouse, make and transmit to the auditor of public accounts, and the clerk of the county court in which the spirits may have been at the time of the assessment, a statement, sworn to by the person whose duty it is to make the report, showing the quantity of spirits on which the Government tax has been paid or has become due, and what spirits have been removed from the warehouse during the preceding four months; the years in which such spirits were assessed for taxation; the serial numbers of packages in which it is contained, and the county, city, town or taxing district in which the warehouse is situated, in which the spirits were stored at the time of the assessment, and shall, at the same time pay all taxes and interest on such

spirits due to State, county, taxing district, city or town. to the officer entitled to receive same." To understand the purpose of section 4111, it is necessary for us to con- sider the character of the property sought to be reached. The United States Government levies an enormous direct tax upon whisky, and to secure the payment of these taxes. takes charge of the whisky from the moment of its man- ufacture until these taxes are paid. The distiller is al- lowed seven years from the date of its manufacture to pay these taxes, but the whisky in the meantime is re- quired to be kept in what are known as "bonded ware- houses," which are in the possession of the officers of the Federal Government. Until the Government tax has been paid during this period, it can not be reached by the State officers, nor subjected to the payment of State taxes. In order to meet these conditions, the Legislature has made its tax laws, so far as this species of property is concerned, conform to the provisions of the United States laws, and postpones the collection of its taxes due on whisky until the Government tax has been paid, or has become due, and the spirits removed from the bonded warehouse. These provisions are found in sections 4105 to 4114 of the Kentucky Statutes. By section 4105, ev- ery owner or proprietor of a distillery bonded warehouse in which distilled spirits are stored is required between the 15th day of September and the 1st day of October of each year to make report to the auditor of public accounts, in writing, sworn to by the person making the report, the quantity and kinds of spirits in such warehouse on the 15th day of September in the year the statement is re- quired to be made, giving the dates when made, the serial number of the packages in which it is contained, the place where the warehouse is situated, whether the

·Government tax has 'been paid thereon; if not, the date of the expiration of the bonded period. Section 4106 provides that these reports shall be submitted to the State board of valuation, and said board shall fix values there·on for the purposes of taxation. Section 4108 provides that immediately after the fixing of such values the board shall certify to the county clerk of the respective counties in which the bonded warehouse is situated the amount of such valuation, and that this report shall be by the county clerk filed in his office, and by him certified to the proper collecting officer of the county, city, town, or taxing district for collection. Section 4110 provides: Taxes on distilled spirits which may be assessed while in bonded warehouses, and on which the United States Government tax has not been paid, or will not become due on the 1st day of March after the assessment, shall be due on the 1st days of January, May, and September next after said ·Government tax becomes due or paid, or when the spirits are removed from the warehouse, and the tax on each year's assessment shall bear interest, as other taxes. These sections of the statutes provide for the ascertainment of the existence and location of all distilled spirits, that they may be properly assessed for taxation by the officers of the State, and would seem to furnish all information necessary for this purpose; but under the United States laws the owner of whisky in a bonded warehouse is not required to leave it in bond for the full bonded period of seven years, but may, at his option, remove it from bond by the payment of tax due to the Federal Government at any time he may elect to do so; and to enable the revenue officers of the State to keep tab or track of each package which had been deposited in these bonded warehouses, and as an additional security for the pay-

ment of the taxes due thereon to the State, county, city,
town, or other taxing district, section 4111 was enacted,
which provides that the owner or proprietor of these
bonded warehouses shall report on the 1st days of Janu-
ary, May, and September all spirits which may have been
removed from the warehouses during the preceding four
months by their serial numbers. It seems to us that
this is not an unreasonable requirement, when we recol-
lect that in many of these vast bonded warehouses thou-
sands of these packages are stored, and that the only
way to distinguish them is by their serial numbers and
the dates when they were manufactured. It is a well-
known fact that these spirits differ in kind. Some are
kept in the bonded warehouse for many years, and grow
more valuable by age; while there are other kinds of spir-
its, known to the commercial world as "high wines," on
which the tax is usually paid by their owners within a
very short time after they are deposited in the ware-
houses. To hold that this requirement of the statutes
only relates to whisky which had been previously assessed
for taxation would undoubtedly remove one check and
safeguard which has been provided by the Legislature
to secure the payment of the tax due by this character
of property. We do not think that this is a fair construc-
tion of the language of the section, or that it would meet
the purposes of its enactment. We think that it is clearly
the duty, under this section of the statute, of every pro-
prietor of a bonded warehouse in which distilled spirits
are stored, as contemplated in the preceding sections of the
chapter, to report what spirits have been removed from
the warehouse during the preceding four months, with-
out regard to the fact whether they had been actually
assessed for taxation or not. In the case of Com. v. Bond

(Ky.) 53 S. W., 642, (21 Ky. L. R., 973) the in-dictment was so drawn that it did not appear from its averments that any distilled spirits were in fact stored in appellee's warehouse, and the contention was made that the report under section 4111 must be made whether there were spirits stored in the warehouse or not, and it was held that there was no violation of the statutes unless there were such spirits stored in the warehouse. In this case the indictment charged not only that distilled spirits were actually stored in appellant's warehouse, but that the tax due thereon to the Government had been paid, and the spirits withdrawn therefrom. These averments were sufficient, and the demurrer was properly overruled.

It is also complained that the indictment fails to charge that the defendant was the owner or proprietor of the bonded warehouse at the time the distilled spirits stored therein were removed prior to the 1st day of May, 1898. We are of the opinion that this fact is sufficiently alleged in the indictment. The secretary and treasurer of the appellant corporation frankly admit that the company did not make or transmit either to the county clerk of Bourbon county or to the auditor of public accounts the report required by the statute, and that there had been actually withdrawn 185 packages of whisky from the bonded warehouse on which the Government tax had been paid, and on which the tax due the State of Kentucky and the county of Bourbon had accrued. While it is perfectly clear that there was no intentional violation of the law, or fraudulent purpose to evade the payment of the tax due to the State or county, yet appellant clearly failed to conform to the requirements of the statute, and incurred the penalties therein denounced. After a careful

examination of the record, we are of the opinion that there was no error in the admission or rejection of testimony, or in the instruction given to the jury. For the reasons indicated, the judgment must be affirmed.

Whole court sitting.