CASE 35—ACTION FOR FRANCHISE TAXES—OCT. 28.

# City of Louisville v. Louisville Public Warehouse Company.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. FRANCHISE TAXATION—PUBLIC WAREHOUSES.—Section 4111 and its context requiring the owners or proprietors of bonded warehouses in which distilled spirits may be stored to make to the State Board· of Valuation and Assessment a report for franchises taxes, embrace all bonded warehouses wherever occupied and by whomsoever owned in which the products of a distillery are stored pursuant to the laws of the United States Government and under ·the supervision ·of its officers.

2. SAME—ASSESSMENT.—In such a case, the law requires that the assessment should be made by the State Board of Valuation and Assessment and a ·public warehouse company is not liable to a municipality for taxes upon an assessment made by the local taxing officer.

H. L. STONE FOR THE APPELLANT.

It is agreed that all "preliminary steps were *properly* taken" and the only question on ·this appeal is whether or not the appellee company was required ,to pay the taxes on its distilled spirits ·in the bonded warehouse, although such spirits did not ·belong to the appellee, but were in its possession and under its control as bonded warehousemen and on which appellee had issued warehouse receipts.

Citations: Ky. Stats., secs. 4105, 4114, 4020, 4021, 4033, 4023; Genl. Stats., ed. 1888, pp. 1092, 1096; Com. v. Gaines & Co., 80 Ky., 489.

HELM, BRUCE & HELM FOR THE APPELLEE.

1. The appellee is not in possession within the meaning of the Kentucky Statutes and therefore is not liable for the tax.

2. The warehouses of appellee are not distillery bonded warehouses.

3. If they were, the assessment could only be made by the State Board of Valuation and Assessment, and the attempted assessment by the City of Louisville is therefore void.

·City of Louisville v. Louisville Public Warehouse ·Company.

HELM, BRUCE & HELM FOR APPELLEE IN A PETITION FOR A MODIFI-
CATION OF THE OPINION.

D. A. SACHS ON THE SAME SIDE IN A PETITION FOR A MODIFICATION
OF THE OPINION.

The law applicable to· distillery bonded warehouses has no
application to general bonded warehouses. In the former case
the statute provides a method by which the distiller may protect
himself, but in the latter the duties imposed are such that a
·proprietor of a general bonded warehouse ·can not protect him-
self. Com. v. Taylor, 19 Ky. Law Rep., 552; Wathen v. Young,
·Same, 1678.

H. L. ·STONE FOR APPELLANT IN RESPONSE.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

This appeal seeks to reverse a judgment of the lower
court upon an agreed case submitted to· it by the parties.
Appellee owns certain warehouses in the city of Louis-
ville known as "bonded warehouses," in which it stores
whisky in bond belonging to divers persons, and held in
bond under the United States regulations, by which ap-
pellee has no access to the whisky, and can not visit it
or inspect it except by permission of the Government, the
whisky being under Government lock. The city of Louis-
ville undertook to assess the whisky in these bonded ware-
houses, though none of it belonged to appellee, on the
ground that under the statute appellee was liable for the
tax. Appellee denying its liability, or that the city had
any power to· make the assessment, the agreed case was
submitted to settle the matter. The court below held that
none of the warehouses were distillery warehouses, and
that appellee was not in possession of the whisky stored
therein. It therefore adjudged the assessment void, and
the tax thereon also void and non-collectible · as against
the appellee.

The agreed case does not show for what year
the tax in question was levied, and it is insisted by

the city that, if the case is governed by the General Statutes, the city was authorized to make the assessment. But appellee is conducting its warehouses and holding the whisky under the act of Congress passed August 15, 1894, and, as this was after the Kentucky Statutes took effect, the case must be governed by that revision.

Article 5 of the Chapter on Revenue and Taxation provides for the assessment of distilled spirits. (Kentucky Statutes, sections 4105-4114.) It is insisted that these provisions apply only to a distillery bonded warehouse, and not to a general bonded warehouse, such as appellee's. Section 3271 of the United States Revised Statutes requires every distiller to provide at his own expense a warehouse on the distillery premises, for the storage of the distilled spirits manufactured by him, until the tax thereon is paid. These houses are declared bonded warehouses of the United States, to be known as "distillery warehouses." The act of August 15, 1894 (28 U. S. Statutes 564, section 51), provided for a new kind of bonded warehouse, called a "general bonded warehouse," to be under the control of the Government, just as the other houses were, in which any person might store whisky on which the tax had not been paid; and it is under this act that appellee is operating.

It is conceded that the distillers' warehouses are included in the provisions of the Kentucky Statutes referred to, but it is insisted that these provisions do not include a general bonded warehouse. The material part of the statute by which this question must be determined is as follows:

4105. "Every owner or proprietor of a distillery bonded warehouse, in which distilled spirits are stored, shall, between the fifteenth day of September and the first day of October of each year,

report to the Auditor of Public Accounts, in writing, sworn to by the person making the report; or, if the owner or proprietor of such warehouse be a corporation, the report shall be made and sworn to by its principal officer or manager in charge. Such report shall show the quantity and kind of spirits in such warehouse on the fifteenth day of September in the year the statement is required to be made, the dates when made, the serial number of packages in which it is contained; the county, city, town or taxing district in which the warehouse is situated; whether or not the United States Government tax has been paid thereon; if not, the date of expiration of the bonded period; the fair cash value of the spirits estimated at the price it would bring at a fair voluntary sale, and such other facts pertaining to such spirits as the Auditor may require."

"4106. The said reports shall be, by the Auditor of Public Accounts, submitted to a Board of Valuation and Assessment, composed of the Auditor of Public Accounts, the Treasurer of the State and the Secretary of State, who are hereby constituted such board; and said board shall fix the values for the purposes of taxation under this act, and assess the same accordingly, and shall keep a record of their valuations and assessments in a book provided for that purpose, and said record shall be evidence in all courts of the proceedings of said board."

"4108. Immediately after finally fixing such values, the board shall certify to the Auditor of Public Accounts the value of the spirits as assessed for State tax; and said officer shall certify to the county clerk of the respective counties the amount liable for county, city, town or district taxation; and the date when the bonded period will expire

on such spirits. The report shall be by the county clerk, filed in his office, and by him certified to the proper collecting officer of the county, city, town or taxing district for collection."

."4109. Any person or corporation having the custody of such spirits on the fifteenth day of September in the year the assessment is made, shall be liable for all taxes due thereon, together with all interest and penalties which may accrue; and any warehouseman or custodian of such spirits, who shall pay the taxes, interest or penalties on such spirits, shall have a lien thereon for the amount so paid, with legal interest from the day of payment."

"4111. Every owner or proprietor of a bonded warehouse in which distilled spirits may be stored, as contemplated in the preceding section, shall, on the first day of January, May and September next after said Government tax shall have been paid, become due, or be removed from the warehouse, make and transmit to the Auditor of Public Accounts, and the clerk of the county court in which the spirits may have been at the time of the assessment, a statement, sworn to by the person whose duty it is to make the report, showing the quantity of spirits on which the Government tax has been paid or has become due, . . . and shall at the same time pay all taxes and interest on such spirits due the State, county, taxing district, city or town to the officer entitled to receive the same."

(Kentucky Statutes, sections 4105, 4106, 4108, 4109, 4111.)

These provisions were held valid, and enforced by this court in Commonwealth v. E. H. Taylor, Jr., Co., 19 Ky. L. R., 552, [41 S. W., 11], and Wathen v. Young, 19 Ky. L. R., 1678, [44 S. W., 115]. If, therefore, appellee comes within them, it may properly be taxed by the city of Louisville as therein provided. The question,

therefore, is, do these provisions cover general bonded warehouses as well as the bonded warehouses maintained by the distillers themselves?

It will be observed from an examination of the act that Article 2 provides for the assessment of property generally, Article 3 for the assessment of the property of certain corporations, Article 4 for the assessment of railroads, and Article 5 for the assessment of distilled spirits. It was clearly the purpose of the act to reach all distilled spirits stored in warehouses, whether owned by the distiller or by some one else. Section 4105 is taken from the second section of the act of April 21, 1882, almost literally, except that the sentence is condensed a little. The original reading would plainly include appellee. See General Statutes, page 1092. The old law having been brought over so literally into the new, except where in this one section there was an effort at some condensation, the present enactment should be treated as a continuation of the old law, and not as a new statute. It would defeat the entire purpose of the enactment to exempt from its operation warehouses like appellee's simply because they are not owned by the distillers, when it is apparent that it is only another way of doing the business; that they hold the whisky for the distillers, and so enable them to manufacture a larger product without enlarging their warehouses. Section 4109 makes any person or corporation having the custody of the spirits on the 15th of September liable for all taxes due thereon, and provides that any warehouseman or custodian of the spirits who shall pay the taxes shall have a lien thereon for the amount so paid. The tax on these spirits can not be enforced against the goods until released from bond; and section 4111 requires a report from every owner or proprietor of a bonded warehouse three times

a year, showing the quantity of spirits on which the Government tax has been paid, and expressly provides that he shall then pay all taxes on such spirits due the State, county, taxing district, city or town to the officer entitled to receive the same.

Taking all these provisions together, and looking at the purpose of the act, we do not see any room for doubt that the Legislature by the foregoing provisions meant not only the bonded warehouses kept at the distillery, but the bonded warehouses, wherever kept, or by whomsoever owned, in which the products of the distillery were stored pursuant to the laws of the United States Government, and under the supervision of its officers.

But this proceeding seeks to recover upon an assessment made by the city, and by the statute quoted the assessment of distilled spirits must be made by the Board of Valuation and Assessment, composed of the Auditor, Treasurer and Secretary of State. The Auditor certifies to the county clerk of the respective counties the amount liable for county or city taxation. Though appellee is liable to the tax, it is not liable upon the assessment made by the city authorities. It is agreed in the record that the amount of the tax due on the assessment made by the city is $3,700, but what the amount is upon the assessment made by the board of valuation is not shown. No judgment can, therefore, be rendered on the facts agreed; and, the city not being entitled to recover on the assessment relied on, the judgment of the court below denying it any relief on the agreed facts must, for this reason alone, be affirmed, it appearing that the court below went no further in his judgment than to declare this assessment void, and the tax based thereon non-collectible.

Judgment affirmed.