## Kraver v. City of Henderson.

(Decided November 6, 1913).

## Appeal from Henderson Circuit Court.

1. Taxation—Assessment of Distilled Spirits—Construction of Statutes.—Section 3381 of the Kentucky Statutes, governing cities of the third class, as well as sections 4105 to 4114 entitled the city of Henderson to collect taxes on whiskey withdrawn for the years stated at the same rate of taxation as it applied to other property within its limits.

2. Action—Exhibits—Evidence of Indebtedness —Pleading —The writing which section 120 of the Code requires to be filed with, and as part of the petition is that writing which evidences the indebtedness.

3. Taxation—Assessment of Distilled Spirits—Action to Recovear Tax—Limitation.—In an action to recover taxes on distilled spirits withdrawn from appellants' bonded warehouse, the question of limitation will not be considered on demurrer.

VANCE & HEILBRONNER for appellant.

JOHN C. WORSHAM for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Sections 4105 to 4114, of the Kentucky Statutes, which have been in effect in this State since 1892, embody the law relative to the assessment, payment and collection of taxes upon whiskey in, or as withdrawn from United States Government Bonded Warehouses. Prior to the enactment of above sections, there was no efficacious method of listing or collecting taxes for the State and local taxing districts upon bonded whiskey.

The reason of this enactment is fully stated in the case of the Commonwealth v. E. H. Taylor, Jr. & Co., 101 Ky., 325. As therein explained the United States Government levies an enormous specific tax on whiskey, and retains the whiskey in bonded warehouses until the tax is paid, and the whiskey withdrawn, or the period of storage expires.

While the whiskey is in bond it is not liable to any of the processes of the State courts, and there is no power in the State to subject it either to the demands

of the State, or to the claims of creditors until the government lien for taxes has been discharged.

By trade custom the title to whiskey in bonded warehouses, subject to the United States Government' tax lien, is transferred by the delivery of warehouse receipts. These receipts identify the original packages by serial numbers, and are generally negotiable. Owing to the manner in which the title to bonded whiskey is transferred, and the uncertainty of time when the government lien will be discharged, and its possession surrendered to the owner, it was almost impossible for the State, or local taxing officials to know when any particular package would be surrendered to its owner, and become liable to process in the hands of collecting officers. Realizing that general laws then in force were ineffectual for levying and collecting taxes on this character of property, and in order to provide an additional remedy, the Legislature by the act referred to made the distiller or owner of the bonded warehouse the agent of the State and local taxing districts to collect taxes from the owner of the whiskey as he might withdraw it or, at the expiration of the bonded period (8 years), or by paying the government tax thereon in the meantime.

Without quoting in full sections 4105 to 4114, it will be sufficient to say that by these sections the bonded warehouseman shall annually file with the State Auditor a verified report showing the quantity of whiskey in his warehouse on the first day of September that year, together with the county, city, town or tax district in which the warehouse is situated. This report is submitted to the State Board of Valuation and Assessment, and this board after fixing its assessable value certifies the same to the county court clerk where the whiskey is situated, and he to the collecting officer of the town, city or tax district. The amount to be collected of each bonded warehouseman is based on quarterly reports which he is required to make and file both with the State Auditor, and the county court clerk. These quarterly reports show the amount of whiskey withdrawn from the warehouse during the preceding quarter. The warehouseman is required to pay taxes on the whiskey so withdrawn, and to secure him as against the· owner he is given a lien on the whiskey. When the warehouseman files these quarterly reports of withdrawals, "he shall,

.at the same time pay all taxes and interest on such spirits due the State, county, taxing district, city or town to the officers entitled to receive the same.'' Section 4112 imposes an 8 per cent penalty if the warehouseman shall fail to pay the taxes within 15 days after they become due, that is, after he makes his quarterly report, and it then becomes the duty of the officer authorized to collect such taxes, to at once institute proceedings for the collection of same.

Appellant, Kraver, being a distiller and warehouseman, seems to have complied with this law to the letter except in the payment of taxes to the city of Henderson. It seems that until a day or two before this action was instituted, the clerk of the Henderson County Court had, by oversight, failed to certify to the city officials the assessed value of whiskey in bond as fixed by the State Board of Valuation and Assessment, and as required by section 4108. For this reason perhaps the city had never made any demand upon Kraver for taxes upon withdrawals, but the appellant, as any other taxpayer, is presumed to know when taxes are due and payable, and it is his duty then to pay same, and no demand is necessary.

This suit was instituted by the city of Henderson in April, 1912, in its corporate capacity to recover of the appellant city taxes on whiskey withdrawn from his bonded warehouse during the years 1907, 1908, 1909, 1910 and 1911 as assessed by the State Board of Valuation and Assessment. The taxes sued for aggregate $3,600.00 and accumulated interest. In substance, the petition alleges that the appellant, a warehouseman, reported to the Auditor, at the prescribed periods, the amount of whiskey in bond. The auditor submitted reports to the State Board of Valuation and Assessment, who valued and assessed the whiskey, and certified same to the auditor, who certified same to the county clerk of Henderson County, who certified same to the city of Henderson, but the county clerk's certification was by his oversight and mistake not made to the city until about two days before this suit was instituted. It is further alleged that the appellant made sworn statements quarterly of the withdrawals from his warehouse, and paid the taxes thereon due the State and county, but failed and refused to pay the city. The action is based

on the sworn statements which the appellant made quarterly and filed with the auditor and county court clerk showing withdrawals from his warehouse, and the taxing districts in which it is situated. Certified copies of these sworn statements are filed with the petition as exhibits, 15 in number. Appellant demurred to the petition as amended. The lower court overruling his demurrer, he refused to plead further, and judgment was thereupon entered in favor of the city (appellee here), and the warehouseman has appealed.

There is no contention that the city was not entitled to collect taxes on this whiskey as withdrawn, or that the taxes to the city have been paid. On the contrary, all of the allegations of the petition are taken as true because of the demurrer.

Appellant insists that the judgment should be reversed for the following reasons:

1. The sections referred to relate solely to the assessment and collection of State and county taxes on whiskey withdrawn from bonded warehouses, and that they do not apply to city taxes because the charter or acts governing cities of that class provided a different mode of assessment and collection on property.

2. That the report of the auditor to the county clerk showing the assessed value of the whiskey in bond is the basis of the action, and a copy of it should be made a part of, and filed with the petition.

3. The action was prematurely brought because the county clerk never certified the auditor's report to the city tax collector, and this city officer never made any demand, or a return of "no property found."

4. The petition shows that part of the 1906-7 tax claim was due January 2, 1907, and the petition not being filed until April 23, 1912, a part of the tax claim was barred by limitation, and, therefore, demurrer should have been sustained as to them:

Considering these objections in their order:

1. The sections referred to 4105 to 4114 show clearly that it was not proposed to limit their operation to county and State taxation. It provided a new source of revenue, and not only the State and county, but city, town and local taxing districts were given the benefit of its provisions, nor was any power or remedy that the State or any sub-taxing district then had curtailed or repealed. Section 3381, of the Kentucky Statutes, gov-

erning cities of the third class, to which Henderson belongs, stipulates "the provisions of the law for the assessment of property for taxation for State purposes are hereby adopted as part of this act as far as same is applicable except as herein otherwise provided." Clearly, by this provision, quoted from its charter, as well as by the letter and spirit of sections 4105 to 4114, the city of Henderson was entitled to collect taxes on whiskey withdrawn for the years stated at the same rate of taxation as it applied to other property within its limits.

2. The writing which section 120 of the Code requires to be filed with, and as a part of the petition is that writing which evidences the indebtedness. In fact, that is the only evidence which it is needful to file as a part of a petition. It is not even proper to plead the evidence. The report of the auditor to the State Board, and the report of the State Board assessing the whiskey, and the report of the auditor to the county clerk showing that fact, are all matters of proof, and should have been produced on the trial in the event of a denial. The real foundation of this action consisted of the several quarterly reports which the appellant signed and filed with the county clerk showing withdrawals during the period. By these reports appellant acknowledged his obligation for the taxes, and they were the written evidence of indebtedness contemplated by section 120 of the Code. If, however, it had been proper or requisite to file with the petition the other writings referred to, this defect is not reached by demurrer. On motion, the court would rule the plaintiff to file them, or if he could not, give him an opportunity to explain why.

3. By the ordinary method of tax collecting on city property, the same must be assessed and supervised, and placed upon the tax books by the city officials, and section 3424, of the Kentucky Statutes, provides a means for the city tax collector being relieved of any tax list charged against him by making a return on same "no property found," and then the city may institute proceeding against the delinquent, and subject by garnishment or attachment any of the delinquent taxpayer's property. Manifestly those provisions and regulations in charters of third class cities have no application to the manner of collecting taxes on whiskey, neither are the charter provisions in conflict with, nor are they re-

pealed by the whiskey tax law. That law provides a special method for assessing and collecting taxes on whiskey as withdrawn. The petition alleges that the report of the county clerk was certified to the proper collecting officers of the city, and the payment of same was demanded of appellant, and upon refusal, the city itself instituted this proceeding to collect it. It was filed by its city attorney, and no steps were taken to require him to show his authority, and we, therefore, conclude that he was duly authorized, and the action was in no sense premature.

4. It is sufficient to say that the question of limitation will not be considered on demurrer.

For reasons indicated the judgment is affirmed.