## Jetts Bros. Distilling Company v. City of Carrollton.

(Decided December 21, 1917.)

### Appeal from Carroll Circuit Court.

1. Taxation—Assessment of Distilled Spirits in Bonded Warehouses.
   —Distilled spirits in a bonded warehouse, situated within the limits of a fourth class city, are not subject to assessment by the City Assessor like other personal property, but such assessment must be made by the State Board of Valuation, composed of the Auditor, Treasurer and Secretary of State, and by said Board certified to the auditor, and by that officer to the County Court Clerk, who in turn must certify it to the city.

2. Taxation—Assessment of Distilled Spirits in Bonded Warehouses.
   —Sections 4105 to and including 4114 Kentucky Statutes, govern the assessment and taxation of spiritous liquors situated in bonded warehouses in this Commonwealth, and section 3535 Kentucky Statutes, regulating the assessment of personal property in cities of the fourth class has no application to spirituous liquors so situated.

3. Taxation—Assessment of Distilled Spirits in Bonded Warehouses.
   —Although the city assessor lists for taxation liquor stored in bonded warehouses situated within the city limits, and thereafter the warehouseman pays taxes upon such assessment, yet

the city is not estopped to collect such taxes as are due it on an assessment made by the Board of Valuation, as directed by sections 4105 to and including 4114, but where a warehouseman has paid taxes on an assessment made by the City Assessor he is entitled to credit upon his tax bill for the amount thus paid.

4. Taxation—Imperfect Levy—Ordinance Validating Levy.—Where a city, through its legislative body, attempts to levy an ad valorem tax, but did so imperfectly, it may, by proper ordinance thereafter, correct and vitalize such ordinance and thus validate the levy. But until such ordinance is passed the taxpayer is not bound to pay taxes nor can he become delinquent.

5. Taxation—Warehouseman—Penalties.—Under section 4112, Kentucky Statutes, a warehouseman who neglects to pay his taxes for fifteen days after they become due, is subject to a penalty of eight per cent., which it is the duty of the collecting officer to exact in addition to interest even though no suit be required to enforce the collection; and the collecting officer is authorized to institute proper proceedings for the collection of such tax, interest and penalties, and in case of the institution and prosecution of such action a penalty of twenty per cent. is recoverable in lieu of the eight per cent. allowed in case where no suit is required.

WINSLOW & HOWE for appellant.

J. A. DONALDSON & SON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing in part, and affirming in part both upon the original and cross appeals.

Carrollton is a city of the fourth class. The appellant, Jetts Bros. Distilling Company, is a corporation, owning and operating a distillery and a bonded warehouse within the city limits of Carrollton. For the years 1907, 1908, 1909, 1910, 1911, 1912, 1913, 1914, 1915 and 1916, a large quantity of spirituous liquors were stored in the warehouse of appellant in said city. During those years the city of Carrollton levied an ad valorem tax upon all personal property within its limits. In assessing the property of individuals and corporations the assessor of Carrollton undertook to and did list for taxation the distilled spirits in said bonded warehouse, and thereafter the distilling company paid the taxes to the said city, based upon the said city assessment.

This suit was instituted by the city against the distilling company to recover a balance due as taxes upon the distilled spirits in the warehouse for the years named, under sections 4105 to and including 4114, Kentucky Statutes, averring that the city assessor who listed the dis-

tilled spirits of appellant, did so by mistake, without authority of law, and at a much less valuation than was fixed by the State Board of Valuation and Assessment, whose duty it is to make assessment of all spirituous liquors held in bonded warehouses; that for each of said years said distilled spirits were regularly assessed by the State Board of Valuation, and that the same was duly certified to the Auditor and by that official to the clerk of Carroll county court, and that appellant had due notice of such assessment, and actually paid taxes both to the county and state upon such valuation fixed by the State Board aforesaid; that the city assessor was wholly without authority to assess spirituous liquors held in bonded warehouses, and the valuation fixed by the city assessor for each year was for an inconsiderable sum, much less than that fixed by the State Board of Valuation, upon which appellant paid tax to the county and state.

Upon these facts several questions arise, among them these two:

First: Are distilled spirits in a bonded warehouse, located in a city of the fourth class, to be assessed under sections 3535 to and including 3540, Kentucky Statutes, regulating the assessment of personal property located in a city of the fourth class; or, are they to be assessed under sections 4105 to and including 4114, Kentucky Statutes, regulating the assessment of distilled spirits?

Second: If a city, through its assessor, makes an assessment of distilled spirits, is it estopped thereafter to repudiate its acts in thus assessing the liquors as personal property, and if not, may it proceed to collect taxes under section 4105, covering distilled spirits?

This court, in the case of the City of Louisville v. Louisville Public Warehouse Company, 107 Ky. 184, held that all distilled spirits in a bonded warehouse must be assessed as directed by section 4105 and not by the city assessor. Having under consideration sections 4105 to and including 4114, the court said:

"Taking all these provisions together, and looking at the purpose of the act, we do not see any room for doubt that the legislature by the foregoing provisions meant not only the bonded warehouses kept at the distillery, but the bonded warehouses, wherever kept, or by whomsoever owned, in which the products of the distillery were stored pursuant to the laws of the United States Government, and under the supervision of its officers.

"But this proceeding seeks to recover upon assessment made by the city, and by the statute quoted *the assess-ment of distilled spirits must be made by the Board of. Valuation and Assessment,* composed of the Auditor, Treasurer and Secretary of State. The Auditor certifies to the county clerk of the respective counties the amount liable for county or city taxation. *Though appellee is liable to the tax, it is not liable upon the assessment made by the city authorities.*"

Neither the state, nor any municipality therein, is estopped by the laches, or any unauthorized act of its officers in the collection of lawful taxes. The city of Carrollton had no authority, through its assessor, to list distilled spirits held in a bonded warehouse, for taxes, as it attempted to do, but its act in this respect did not work an estoppel. This court, in the case of Commonwealth v. Rosenfield & Bros. Co., 118 Ky. 374, said:

"But it is urgently insisted that the state is now estopped from collecting the interest involved therein because the Auditor received the principal sum of the taxes due without interest, and the warehouseman, who was only the custodian, and not the owner, of the whiskey, permitted it to be carried away by the owner, and thus lost his lien through the wrongful acts of the state's fiscal officer, and that, if the distiller is now required to pay the interest, he will have no recourse against the owner for the amount of the interest adjudged against him. It may be true that this will work a hardship upon the distiller, but it was his duty, under the law, to pay the taxes and the accrued interest and we cannot, in his behalf, waive the time-honored and conclusive presumption that he knew the law; and especially is this true since 1897, when the case of Commonwealth v. Taylor was decided, thus establishing beyond all question that taxes on whiskey in bond bore interest on the assessments made during the bonded period. Waiving this, however, it is elementary that the state is not estopped by the laches of its officers. Bigelow, in his work on estoppel, p. 341, says: "Clearly, the state cannot be estopped by the unauthorized act of its officers." The same rule is laid down in Am. & Eng. Ency. of Law (2nd Ed.), p. 397, in this language: "But such estoppels cannot arise from unauthorized act of the agent or officers of the state." See, also, Commonwealth v. Carter, 55 S. W. 701, 21 Ky. Law Rep. 1509; Elmondorff v. Carmichael, etc., 3 Litt. 481, 14 Am. Dec. 86; Pulaski v. State, 42 Ark. 118; Attorney General v. Marr,

55 Mich. 445, 21 N. W. 883; and State v. Brewer, 64 Ala. 287.''

That a city of the fourth class may subject distilled spirits withdrawn from the warehouses, located within the city limits, to city taxation, is no longer an open question; nor is it necessary that the city should demand the tax of a taxpayer before instituting an action for its collection. In the case of Kraver v. City of Henderson, 155 Ky. 633, the facts are very similar to those in the case at bar. In that case it was alleged, in substance, that the warehouseman reported to the Auditor at the prescribed periods, the amounts of whiskey in bond; the Auditor submitted the reports to the State Board of Valuation and Assessment, who valued and assessed the whiskey, and certified same to the Auditor, who certified same to the clerk of the Henderson county court, but the county clerk's certificate was, by his oversight or mistake, not made to the city until about two days before the suit was instituted; that the warehouseman made sworn statements, quarterly, of the withdrawals from his warehouse and paid the taxes thereon, due the state and county, but failed and refused to pay the city. The right of the city to maintain the action, though questioned, was upheld by the court, and taxes for several years past were recovered. In this action the appellee city is crediting the warehouse company with the sums paid upon taxes, and seeks only to recover the balance due under a proper assessment. The warehousemen were not misled or deceived by the act of the city in assessing its distilled spirits along with other personal property, because it was required to and did make numerous quarterly reports to the State Auditor, showing the withdrawal of whiskey from the warehouse for the purpose of aiding the Board of Valuation in arriving at a proper assessment. Moreover, the warehousemen paid the county and state taxes as they became due upon the assessment made by the State Board, and it must have known that its city tax was assessed in like manner. At any rate, it will not suffer because it is now required to pay only such taxes as it was in the first place in duty bound to pay, being allowed due credit for the sums already paid.

It is also urged by appellant that section 4105 to and including 4114, Kentucky Statutes, are unconstitutional. This question, however, was made in the case of the Commonwealth v. the E. H. Taylor, Jr., Co., 101 Ky. 325, where this court held said act not in conflict with section

3 of the Bill of Rights nor in contravention of section 174 of the Constitution. It is further asserted that the recent cases of Green v. Louisville & Interurban Railway Co., and Green v. Louisville Railway Co., decided by the Supreme Court of the United States and reported by 37 Supreme Court Reports 673, uproot the contention that the act is constitutional, and hold that the State Board of Valuation, and the city assessor and Board of Supervisors, acting independently of each other, and fixing different valuations of the same property, work a discrimination, inimical both to the federal and state constitution. In this, however, appellant is in error. It must be borne in mind that complaint is only made of the assessment. The warehouseman had his remedy, in case of an excessive or unfair valuation, by appearing before the Board of Valuation and Assessment at the time he received notice of the valuation fixed, and there make complaint as provided in section 4107, Kentucky Statutes. This appellant failed to do but acquiesced in the assessment by paying taxes both to the county and state on the valuation fixed by the State Board. This being true, it cannot be heard to complain now.

The city prosecutes a cross-appeal by which it seeks a reversal of that part of the judgment which denies it twenty per cent. penalty upon the amount recovered, and interest for the several years.

The distilling company was assessed by the city officer and paid its tax promptly. At the time it made payment, it was not in law legally bound to pay, because of the ineffectual attempt of the legislative body of the city to pass a valid ordinance, levying the tax. Not being in law, bound to pay, it could not become delinquent. When the city corrected and vitalized its levying ordinance, it then became the duty of the distilling company to pay its tax. This it declined to do on demand of the city collector. It then became a delinquent and the penalty attached.

The city of Carrollton has an ordinance prescribing a penalty of twenty per cent. on delinquent taxes in the nature of section 4263, Kentucky Statutes.

The provisions in section 4112, Kentucky Statutes, for an eight per cent. penalty upon taxes, if payment be delayed beyond fifteen (15) days after the same become due, no doubt was intended as a stimulant to prompt payment of such taxes by the holder of spirituous liquors. In case, however, of the failure of a taxpayer to respond after the eight per cent. penalty has accrued, the collect-

ing officer is authorized to institute proper proceedings in the courts for collection of the taxes due, "with such interest and penalties as may be provided by law for the collection of other delinquent taxes." This provision has reference to the twenty per cent. penalty provided by sections 4263, 4264, Kentucky Statutes. A warehouseman may avoid this penalty by paying within the prescribed time, but if he delays beyond fifteen days he is subject to eight per cent. penalty upon his tax bill together with such interests as have accumulated, even though payment be thereafter made without suit. If, however, the warehouseman declines to pay and the collector is forced to resort to an action in the courts, the twenty per cent. penalty may be recovered as compensation to the officer who prosecutes the action. In such instance the twenty per cent. penalty is in lieu of the eight per cent. which is allowed where no suit is required, but the collector is not entitled to take two penalties. The lesser penalty merges into the greater where the collector is forced to institute and prosecute an action in the courts.

The circuit court correctly fixed the time from which to compute interest on the delinquent tax.

For these reasons that part of the judgment, which fixes the penalty at eight per cent., is reversed, with directions to enter a judgment for a penalty of twenty per cent., and affirmed in all other respects, both upon the original and cross appeals.

Whole court sitting.