## McMAHON v. THOMAS et al.

### No. 15,699; March 13, 1895.

#### 39 Pac. 783.

**Notes—Bona Fide Holder.—A Regularly Authorized Insurance Agent** to whom is forwarded by his company a policy to be delivered to the assured, together with the latter's note for collection or discount, and who discounts it without any knowledge of the soliciting agent's alleged fraudulent representations in procuring the policy, and who has no interest in the insurance or collection with the soliciting agent except an agreement that he will discount notes taken by the latter, is a bona fide holder of the note, and the soliciting agent's misrepresentations are not available as a defense against him.

APPEAL from Superior Court, San Benito County; N. A. Dorn, Judge.

Action by Thomas McMahon against John Thomas and Agnes C. Thomas on a promissory note. From an order granting plaintiff's motion for a new trial, after verdict and judgment in favor of defendants, defendants appeal. Affirmed.

D. W. Burchard and Montgomery & Jefferson for appellants; Briggs & Hudner for respondent.

HENSHAW, J.—Appeal from an order granting plaintiff a new trial. The action was on a promissory note, and was tried with a jury. Defendants pleaded fraud in the procurement of the instrument, setting up that one Burns, as agent of the Mutual Life Insurance. Company of New York, represented to them that his company would upon application issue to John Thomas a policy of life insurance, under which, by making annual premium payments of $366 for fifteen years, he would then be entitled to $5,000, ''death or no death,'' and that should he pay such premiums for three or any greater number of years, and then decide to abandon his insurance, he would receive on demand the amounts paid, with interest at the rate of four per cent per annum. Upon these representations, he signed an application for a ''15 Pay Ins. Life W. R. O. R. 15, whole Prem.'' policy. He did not understand these figures and abbreviations, and did not ask their meaning, but was informed by Burns that his signature to the application would bring the specified policy. Burns further informed him that, to bind the company at that time and day, it would be necessary for him to execute the promissory note, but that, if the policy was not as represented, the note would be returned. These charges are supported by the evidence of defendants, and denied by Burns. Plaintiff was indorsee of the note, and, to bind him, it is pleaded that he took it with full knowledge of the acts and facts constituting the fraud. Plaintiff was a resident agent of the insurance company. Burns seems to have been a visiting or traveling agent. As to his connection with the matter, plaintiff testified (and the evidence

is uncontradicted and corroborated) that he had nothing to do with the procurement of the application or note; that the agents took notes from applicants or policy-holders at their own risk; that he received from the general office in San Francisco a policy for delivery to Thomas, and delivered it; that he received also from the general office this note and another for collection or discount, and believing the makers to be good, and knowing nothing of any difficulty or disagreement, he discounted the notes himself, and thus became owner of the one in suit; that he had no interest in the insurance of defendants when he purchased the note, and was not jointly interested with Burns in the profits of insurance Burns might obtain, but merely had an arrangement whereby he was to receive a specified discount on any notes which Burns might take, and which plaintiff should cash after acceptance of the application; and, finally, that he first heard of defendants' dissatisfaction and charges after he had bought and paid for the note.

The court granted a new trial upon the ground, among others not necessary to consider, that there was no evidence that plaintiff, at the time he purchased or discounted the note sued on, was cognizant of any fraud in its procurement, or any dissatisfaction on the part of defendants with the policy received by them. The ground of this ruling is fully supported by the record. No evidence therein contained raises even a conflict upon the proposition that plaintiff was an innocent, bona fide holder for value and before maturity. The order appealed from is affirmed.

We concur: Temple, J.; McFarland, J.