CASE 4—PETITION EQUITY—JANUARY 21.

# Wathen, Mueller & Co. v. Young.

APPEAL FROM MARION CIRCUIT COURT.

1. TAXATION—CONSTITUTIONAL LAW.—The fact that local taxes on whisky in bond can not be collected under our statute until the government tax thereon is due, or has been paid, does not exempt such whisky from the payment of a local tax which has been satisfied by taxes collected from other property while the whisky was in bond; and after the local tax has been satisfied from other property and the government tax on the whisky has been paid, the whisky may be subjected to the payment of its proportion of the local tax, notwithstanding the constitutional provision in section 180 that every act levying a tax "shall specify distinctly the purpose for which the tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose;" and when such tax is collected it will go into the

Wathen, Mueller & Co. v. Young.

county treasury to be used to diminish taxation for county purposes.

J. P. THOMPSON FOR APPELLANTS.

1. The levying and collecting of taxes can only be done under a positive law for a special purpose, and when either the purpose or the law ceases the tax must cease. A sheriff has no authority to make a levy for a railroad tax which has been paid, and there is no one authorized to receive the tax from the sheriff because there are no bonds or coupons to pay off with it.

T. L. EDELEN ON SAME SIDE.

1. Under the provisions of section 180 of the Constitution, every act levying a tax must specify the purpose for which it is levied, and it can not be devoted to any other purpose; in this case the bonds for which the tax was levied having been paid off and discharged, the tax, if collected, can not possibly be applied to that purpose; and if the sheriff should collect it, the county could not compel him to account for it, because it could not dispose of same for any lawful purpose.

HOLT & HOLT FOR APPELLEE.

1. The tax was for general county purposes—not only to meet the railroad debt of the county—but sundry other county obligations; the county has paid these obligations out of taxes raised from other property, and the taxes sought to be enjoined by appellant, if collected, should properly go either into the sinking fund of the county, or the general county fund, and thereby equalize the taxation and reimburse those who have paid appellant's taxes.

BEN SPALDING OF COUNSEL ON SAME SIDE.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

In 1889 Marion county owed $80,000, a balance for bonds issued by the county, which had matured and become due and payable. It also owed a floating debt of about $18,000, which had been contracted for the purpose of building a jail and for other county purposes; and to enable the county to fund this indebtedness the Legislature, in March, 1890,

passed an act by which the county was permitted to divide
this debt into-five parts and issue bonds to take it up, due
in one, two, three, four and five years.  The first instalment
of this indebtedness became due in 1891, and the last in
1895, the county being authorized by the act to levy a tax
upon all the taxable property in the county for the purpose
of discharging the debt.  The first levy under this special
act was made in June, 1891, upon the property assessed as
of September 15, 1890, and the last levy was made in June,
1895, upon the assessment of September, 1894.

It is admitted that the taxes assessed and collected by the
county under this special act of the Legislature during this
period of time were sufficient to, and did, discharge in full
all the bonds which had been issued as provided for by that
act, and this controversy grew out of the provisions of the
law for assessing and collecting taxes on distilled spirits
which were assessed while in bonded warehouses and on
which the United States Government tax has not been paid.
The provisions with regard to the assessment and collection
of taxes on this character of property are set out in Ken-
tucky Statutes, in sections 4105 to 4114, inclusive, and while
by these sections it is made the duty of the owners of this
species of property to report it for assessment for taxation
each year, yet owing to the fact that the United States Gov-
ernment has possession thereof and a first lien thereon to
secure the payment of its internal revenue taxes, the collec-
tion of the tax thereon for local purposes is postponed until
after the government tax becomes due or paid.

The tax sought to be enjoined in this case was assessed
and levied upon whisky, which was manufactured and stored

in the bonded warehouse of appellants between September 15, 1891, and September 15, 1895, and which was released from bond and from the lien of the United States Government by the payment to it of all taxes due thereon between the 15th day of September, 1895, and the first day of January, 1896; and it is insisted by appellants that as the taxes on this whisky were not collectible until it was released from bond, and as prior to that time the purposes of the special act of 1890 had been fully carried out by the payment of all the bonds with the accrued interest thereon authorized by the act, all power to collect taxes for that purpose had ceased, and that they can not be required to pay same under the provisions of section 180 of the constitution, which provides that "Every act enacted by the General Assembly, and every ordinance and resolution passed by any county, city; town or municipal board or local legislative body levying a tax, shall specify distinctly the purpose for which the tax is levied; and no taxes levied and collected for one purpose shall ever be devoted to another purpose."

There is no pretense that the taxes enjoined were not properly assessed and levied upon the whisky in question, or that it was not justly chargeable with the amount thereof. The sole ground upon which exemption is asked is that under the provisions of the statute the tax was not due until after the time when the bonded indebtedness had become extinguished. The statute postponing the payment of taxes on whisky in bonded warehouses until it shall be released from the claim of the Federal Government was intended, not only—as far as practicable—to relieve the owner of such bonded warehouses from the burden of advancing taxes upon

the property of others stored therein before it could be legally subjected to the payment of such taxes, but was also intended to make absolutely certain that it should contribute its proportion of taxes assessed upon all property for State and county purposes.

If the contention of appellants should prevail, then the indulgence granted this species of property in the payment of its taxes, in consideration to its peculiar relation to other property, could be taken advantage of to escape all liability for many forms of public indebtedness, as the Federal laws allow owners of whisky in bonded warehouses eight years from the date of its manufacture and entry into such warehouses to pay the direct tax due thereon to the United States Government; and it is evident that many burdens, to which other forms of property are liable, might accrue and be discharged during this interval of time, and the shield afforded by the statute to this form of property would be converted into an instrument by the aid of which it could avoid its proper proportions of the public burdens, and it would, in all probability, speedily result in the repeal of the law in question.

Appellants occupy an attitude analogous to that of delinquent taxpayers, who could as logically contend that they ought not to be compelled to pay taxes assessed against them because the purposes for which the levy was made had been accomplished. Appellants have never paid their proportion of the taxes assessed against the property of the county to liquidate the bonds in question. It is true, these bonds have been paid off, but the county and the other taxpayers have been compelled to advance for appellants their propor-

tionate part of the funds necessary to accomplish this object, and they are only asked now to pay this long-delayed indebtedness in order that it may be refunded to those who have been compelled to advance it for them; and when collected it will go into the treasury of the county to be used to diminish taxation for county purposes and to discharge appellants' share of the public burdens, which, if not identical with those for which it was levied, are certainly of the same general character, as this appears to be the only practical way of refunding to those taxpayers who have been compelled to advance the taxes due by appellants for the discharge of the bonded indebtedness which has been extinguished. There is assuredly no discrimination against appellants, as they unquestionably owe the taxes enjoined.

For the reasons indicated, the judgment is affirmed.