[Civ. No. 2230. First Appellate District.—September 17, 1917.]

ROSE DEE, Appellant, v. MANUEL E. DEE, Respondent.

DIVORCE—EXTREME CRUELTY — CONFLICT OF EVIDENCE — FINDINGS CONCLUSIVE.—In an action for divorce for extreme cruelty, the trial court is the judge of the weight of the evidence and the credibility of the witnesses, and where the evidence is conflicting, its findings on such questions are conclusive.

ID.—WAIVER OF FINDINGS — JUDGMENT — PRESUMPTION ON APPEAL.—In such an action, where findings are waived, it must be assumed on appeal from the judgment that the court found all the facts necessary to sustain the judgment.

ID.—DENIAL OF DIVORCE—SEPARATE MAINTENANCE—DISCRETION.—Where a divorce is denied both parties, the allowance of separate support and maintenance is a matter for the sound discretion of the trial court.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. J. J. Trabucco, Judge Presiding.

The facts are stated in the opinion of the court.

B. C. Mickle, Gus L. Baraty, and John L. Mickle, for Appellant.

St. Sure, Rose & Callaghan, for Respondent.

THE COURT.—This is an appeal from a judgment denying plaintiff a divorce, and from the order denying a new trial.

Plaintiff charged extreme cruelty and defendant by a cross-complaint set up a like charge against the plaintiff. After a trial of the action, findings were waived and judgment was rendered denying both parties a divorce and requiring defendant to pay a certain sum to plaintiff for the support of two minor children.

Plaintiff seeks a reversal of the judgment and order on two grounds: First, that under the evidence she was entitled to a divorce; second, that although a divorce was denied, she was entitled, pursuant to the provisions of section 136 of the Civil Code, to separate maintenance and permanent support.

Plaintiff's complaint alleged ten acts of cruelty, and while it is true that the denial by defendant while on the stand of some of these alleged acts was somewhat evasive in character, nevertheless there is a conflict in the evidence, and inasmuch as the trial court is the judge of the weight of the evidence and the credibility of the witnesses, its findings on these questions are conclusive. Since the findings were waived, it must be assumed that the court found against the plaintiff all of the facts necessary to sustain the judgment. (*Bruce* v. *Bruce*, 16 Cal. App. 357, [116 Pac. 994].)

The allowance of separate maintenance and support was a matter for the sound discretion of the trial court (*Hagle* v. *Hagle*, 68 Cal. 588, [9 Pac. 842]), and we are not prepared to say that that discretion was abused in the present case.

The judgment and the order denying a new trial are affirmed.