[Civ. No. 3836. First Appellate District, Division Two.—May 19, 1921.]

ROBERT EDWIN IBBETSON, Respondent, v. MAUDE RICE IBBETSON, Appellant.

[1] APPEAL—WAIVER OF FINDINGS—JUDGMENT—PRESUMPTION.—Where findings have been waived, the presumption on appeal is that every fact essential to the support of the judgment was proved and found by the court.

[2] ID.—DIVORCE—FAILURE TO DIVIDE COMMUNITY PROPERTY—WAIVER OF FINDINGS—PRESUMPTION ON APPEAL.—Where in an action for divorce a division of alleged community property was asked by the wife in her cross-complaint, and findings were waived, and the

court made no division, it must be presumed on appeal that there was no community property.

[3] ID.—CONDUCT OF WIFE BEFORE CHILDREN—PROVISION OF DECREE—DISCRETION.—An order in a decree of divorce restraining the wife from criticising her husband before her children or poisoning their minds against him will not be disturbed on appeal merely upon the ground that it does not appear to be necessary, since such an order is left to the sound discretion of the trial court.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. S. Crail, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Newlin & Ashburn for Appellant.

J. Wiseman Macdonald for Respondent.

NOURSE, J.—Plaintiff and respondent commenced an action for divorce, charging desertion by his wife, and defendant and appellant answered denying the allegations of plaintiff's complaint and filed a cross-complaint for maintenance charging desertion on the part of plaintiff and alleging that the plaintiff had in his possession a large amount of community property, the nature and value of which she was unable to state.   In his answer to the cross-complaint plaintiff denied that he had any community property in his possession, and in this behalf alleged that on the eleventh day of November, 1911, plaintiff and defendant entered into a contract whereby the parties agreed upon a division of the community property and granted to each other all of their community rights and agreed that the property so segregated and apportioned to each other should be the separate property of that party and that all rents, issues, and profits derived by each party from such property should be the separate estate of that party; also that all property acquired by either party thereto subsequent to September 1, 1911, should be and forever remain the separate property of such party.   It appears that this agreement was made in pursuance of an order of the superior court made in an action brought by this defendant against this plaintiff for a divorce.   This order, which was made on the sixteenth day of May, 1911, directed the entry of a decree of divorce of these parties, awarding to the husband the

custody of the two sons of said parties and awarding to the wife the custody of their daughter, and directing the equal division of the community property. The agreement of November 11, 1911, in addition to providing for a division of the community property, required the husband to support and maintain the two sons whose custody he was given by the order of the court and required the wife to support the daughter. It was further agreed that the children of said parties should always be educated in religious schools at the cost and expense of the party having the custody of said children, as theretofore provided.

During the course of the trial plaintiff proceeded upon the theory that this contract was an executed agreement in so far as the property rights of the parties were concerned; that it was entered into upon the solicitation of the defendant to induce the plaintiff to go back and live with her, and that it was not a separation agreement. In accordance with this theory plaintiff contended during the course of the trial and still insists that the property acquired by him after the execution of the agreement was his separate property and that at the time of the trial there was no community property to be divided between the parties. On the other hand, the defendant proceeded upon the theory that the agreement was an executory contract in the nature of a separation agreement, that it had become abrogated by a later reconciliation, and that all property acquired by plaintiff subsequent to the execution of the agreement belonged to the community.

Though the defendant in her cross-complaint prayed for maintenance only, the court awarded her an absolute divorce, giving her the custody of all the children, with a monthly award of maintenance for herself and the children, but made no division or award of any community property. Findings of fact and conclusions of law were waived by the parties in open court. The defendant accepted the decree of divorce and the award of maintenance but prosecutes this appeal from certain portions of the decree, assigning three grounds of error: (1) Failure of the trial court to make a division of community property; (2) the inclusion in the decree of an order restraining defendant from criticising plaintiff before their children or poisoning their minds against him; and (3) the inclusion in the decree of an order permitting plaintiff to take his daughter from the

mother's home to places within the city of Los Angeles for a period of six hours every alternate Saturday.

[1] Findings having been waived, the presumption is that every fact essential to the support of the judgment was proved and found by the court and that accordingly the court found that there was no community property. (*Bruce* v. *Bruce,* 16 Cal. App. 353, 357, [116 Pac. 994]; *Dee* v. *Dee,* 34 Cal. App. 658, [168 Pac. 588]; *Gray* v. *Gray,* 185 Cal. 598, [197 Pac. 945].) On the issue thus joined there is a substantial conflict in the evidence, with the exception that all the evidence supports the theory of the respondent that the property settlement was made in contemplation of some reconciliation between the parties and that it was not a separation agreement. It is admitted, as recited in this agreement of November 11, 1911, that the wife had instituted divorce proceedings against her husband and that an order of court was made that an interlocutory decree of divorce be entered in favor of the wife and making an equal division of the community property. It does not appear that this decree was ever entered. However, acting upon the terms of the order, the parties entered into the agreement providing for the division of the community property and the support, maintenance, and education of the children. It is also admitted that deeds of conveyance passed between the parties in accordance with the terms of the agreement, and it further appears that none of its terms remained unexecuted except in so far as they related to the custody, maintenance, support, and education of the children. Each party took the property and dealt with it from that time on as his or her separate property. The rents, issues, and profits thereof were taken and used as the separate property of the respective parties. The home which by the terms of the agreement was assigned to the wife remained in her possession and the husband entered it by invitation only. Immediately after the execution of the agreement the parties traveled together to San Francisco, taking their two sons to a school in Berkeley, and soon thereafter made an extended trip to New York and through the south, traveling together as man and wife.

The testimony relating to the domestic relations of the parties from that time on is conflicting, but, taking it altogether, it is apparent that the trial court could justly con-

clude therefrom that whatever efforts were made toward a reconciliation had been unsuccessful. There is no dispute, however, that those portions of the agreement relating to the custody and care of the children were not carried out but that at all times the wife retained the custody and control of the sons as well as of the daughter. A marked conflict in the testimony arises over the support of the children during this period, but at the close of the trial the court expressly ruled that the wife was not entitled to reimbursement for moneys expended in that connection.

[2] The testimony relating to the properties of the respective parties is in direct conflict both as to the value of the properties held by each party and as to the manner in which respondent's property had been increased since the date of the agreement. Testimony was offered to the effect that appellant's property was of equal value to that held by respondent at the time of the execution of the agreement and that it had increased proportionately to his since that time. It also appeared from the statement of the court made during the course of the trial that this increase in the value of the properties had occurred at a time when the parties were not living together as husband and wife. The evidence is such, therefore, that, if the trial court had expressly found that there was no community property at the time of the trial, such finding would have been supported by the evidence. As findings were waived, this court must presume, in view of the rule heretofore referred to, that the court found that to be a fact proved.

[3] Appellant appeals from that portion of the judgment which restrains her from criticising respondent before her children or poisoning their minds against him. It is argued that no issue was raised supporting this portion of the decree, that no evidence was offered showing the necessity for such injunctive relief, and that it is entirely unnecessary. Without determining that an order of this nature relating to the care and custody of minor children can be made the subject matter of an appeal, when under section 138 of the Civil Code the superior court is given jurisdiction to modify or vacate it at any time, it is sufficient to say that such an order, being left to the sound discretion of the trial court, should not be disturbed on ap-

peal merely upon the ground that it does not appear to be necessary. The pleadings involved the care and custody of the children and prayed for such relief as might be equitable, and this was sufficient to raise the issue. At the close of the trial the parties stipulated that the court might interview the children in chambers, and this was done. No record of what occurred during the course of such interview is presented and this court cannot, therefore, say that the necessity for this portion of the order is not shown by the evidence.

Appellant also appeals from that portion of the decree which permits the respondent to take his daughter from her mother's home on stated occasions. It is argued that because of the physical condition of the daughter it is not practicable to permit her to go from her mother's home in the company of the father, and certain testimony of the mother to this effect is referred to in support of the argument that this portion of the decree was an abuse of the discretion committed to the trial court. What has just been said in relation to the last point raised applies equally to this. The orders of the trial court relating to the care and custody of minor children whose parents are involved in divorce proceedings are directed to the best interest and welfare of the children and are not to be used for the purpose of satisfying the prejudices of the parents. The court, having had these parties before it and having had the opportunity of interviewing the children in chambers in the absence of their parents, was far better able to determine what was best for the welfare of the children than is this court. There is no evidence in the record to support a holding that the court's discretion in this respect was abused.

For the reasons given the judgment is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 18, 1921.

All the Justices concurred, except Wilbur, J., who was absent.