## W. B. Samuels & Company v. Nelson County, By, etc.

(Decided September 26, 1924.)

### Appeal from Nelson Circuit Court.

1. Taxation—State and Local Taxes on Distilled Spirits Become Due and Payable Upon Removal from One Warehouse to Another.—Under Ky. Stats., sections 4110, 4111, state and local taxes on dis tilled spirits stored in bonded warehouse become due and payable upon removal to another bonded warehouse by order of commis sioner of internal revenue, and not only when finally removed from bond.

2. Statutes—All of Statute Must be Given Some Significance and be Accorded its Ordinary Meaning.—In construing a statute court must ascribe to all of it some significance and accord to it its ordinary meaning, in absence of most potent reasons to contrary.

3. Courts—Court Not Committed by Mere Statements when Question Not Before it.—Court cannot be committed to construction of stat ute by mere statements of court, however often repeated, if ques tion before it was not then before court for decision.

EDWARDS, OGDEN & PEAK for appellant.

FULTON & FULTON for appellee.

CHAS. H. MORRIS, amicus curiae.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The single question presented by this appeal is whether under sections 4110 and 4111 of our statutes the state and local taxes on distilled spirits stored in a bonded warehouse become due and payable upon removal of such spirits to another bonded warehouse by order of the commissioner of internal revenue, as was held by the lower

court, or only when finally removed from bond, as claimed by appellant.

These sections read:

Section 4110. "Taxes on distilled spirits which may be assessed while in a bonded warehouse, and on which the United States government tax has not been paid, or will not become due before the first day of March after the assessment, shall be due on the second day of January, May and September next after the said government tax become due or be paid or when the spirits are removed from the warehouse; and the taxes on each year's assessment shall bear legal interest until paid."

Section 4111. "Every owner or proprietor of a bonded warehouse in which distilled spirits may be stored, as contemplated in the preceding section, shall, on the first day of January, May and September next after said government tax shall have been paid, become due, or be removed from the warehouse, make and transmit to the auditor of public accounts and the clerk of the county court in which the spirits may have been at the time of the assessment, a statement sworn to by the person whose duty it is to make the report, showing the quantity of spirits on which the government tax has been paid or has become due, and what spirits have been removed from the warehouse during the preceding four months, the years in which such spirits were assessed for taxation, and the county, city, town or taxing district in which the warehouse is situated in which the spirits were stored at the time of the assessment, and shall, at the same time, pay all taxes and interest on such spirits due the state, county, taxing district, city, or town to the officers entitled to receive the same. The report herein required shall be made by the owner or proprietor of such bonded warehouse whether any spirits are stored in such warehouse or not at the time the report is due."

It will be observed that the legislature in these sections three times employs almost identical language in specifying when these taxes shall become due and payable by "every owner of a bonded warehouse" in which distilled spirits are stored, namely, when the government tax is paid or becomes due, or when the spirits are removed from the warehouse.

This fact shows plainly that the legislature carefully chose its language, and not only attempted to state clearly its intention, but believed it had done so, and we approach the construction of this language with peculiar emphasis upon the necessity of ascribing to all of it at least some significance, and assuming, in the absence of most potent reasons to the contrary, that it is to be accorded its ordinary meaning.

Observing these primary rules of construction, the conclusion is inevitable that the ligislature intended to and did prescribe three possible contingencies, upon the happening of any one of which the state and local taxes on whiskey stored and assessed in any bonded warehouse in this state should become due and payable.

It is obvious and agreed that the first two of these contingencies are (1) when the government tax is paid, or (2) when it becomes due. But for appellant it is insisted that the third contingency does not arise when the spirits are removed from the warehouse in which it was stored when assessed, but rather only when it is removed from federal control in any bonded warehouse to which it may have been removed.

That such is not the ordinary meaning of the language employed is apparent, and conceded by counsel for appellant.

Then again, to ascribe such meaning to these words renders them nugatory and convicts the legislature of using them without purpose, since, as pleaded by appellants and admitted to be true—as we know it is—such spirits are released from bond only when the government tax is paid thereon, a contingency for which provision has already been made.

Nor is there anything to be found anywhere in other provisions of the act embracing these sections indicating that these words were employed in any other than their ordinary sense.

Moreover, federal officers had the power then as now, from the federal government, to remove whiskey in bond from one bonded warehouse to another, and beyond the jurisdiction of state and local tax collectors, and it is only reasonable to assume that the legislature intended, as its language clearly implies, that under such circumstances state and local taxes on the whiskey should become due and payable, since similar provisions are made with reference to other classes of personalty, and other-

wise the chance of ever collecting the tax would be so remote as to amount almost to an exemption from taxation, which of course was not the legislative purpose.

Unless, therefore, we are already committed, as counsel for appellant insist, to the construction for which they contend, it is clear it ought now to be adopted; and it is likewise clear that we can not be committed to a construction contrary to the very terms of a statute by mere statements of the court, however often repeated, if the question now before us was not then before the court for decision.

The first case relied upon by appellant is Commonwealth v. E. H. Taylor, Jr., 101 Ky. 325, 41 S. W. 11, in which this court held the act valid, and in stating the facts, assumed that the state and county taxes were not due until the federal production tax had been paid or become due; and that this act, in effect, makes "the distillers the agents of the state to collect from the owners of the whiskey the tax."

Neither of these statements is accurate, and the latter was expressly repudiated in Commonwealth v. Greenbaum, 139 Ky. 138, 129 S. W. 555, where, in accordance with the plain provisions of the act, it was held that the distiller was primarily liable for these taxes, and that the collection of same from him is not dependent upon his ability to enforce the lien given him by section 4109 of the statutes against the whiskey.

Besides, in the Taylor case the Commonwealth was attacking the validity of the act upon the ground it accorded to the distiller preferential treatment in the matter of the assessment of such property, and the question of when the tax became due and payable was not involved, as was expressly stated therein.

It was also said in Wathen, Mueller & Co. v. Young, 103 Ky. 36, 44 S. W. 115, that the collection of taxes for local purposes on whiskey in bond is by this act "postponed until after the government tax becomes due or is paid," and similar statements are found in Peacock Distilling Co. v. Commonwealth, 110 Ky. 597, 62 S. W. 272; Commonwealth v. Rosenfield Bros. & Co., 118 Ky. 374, 80 S. W. 1178, and Thompson v. Commonwealth, 123 Ky. 302, 94 S. W. 654.

But in none of these cases had there been a removal of whiskey from the bonded warehouse in which it was originally stored, and the court's attention was not directed to the provisions with reference to such a contin-

gency. In no one of them are the provisions of sections 4110 and 4111 on this subject discussed. In every one of them the statement made was sufficiently accurate for a correct presentation and decision of the questions involved. In no one of them does the court's conclusion turn or rest in whole or in part upon the accuracy of such statements, unless in the Thompson case, where the court held that there was no conflict between state and federal jurisdiction by reason of this act, and stated its reasons as follows:

> "In the first place, there is no such conflict, for the state does not propose to collect the taxes so long as the spirits are in the custody or under the lien of the federal government. In the next place, if there was such conflict, it would be a question between the state and the federal government and not one that the taxpayer could take advantage of."

Although the court stated that there was no such conflict, which in fact is true, upon the false assumption that the state does not propose to collect the taxes so long as the spirits are in the custody or under the lien of the federal government, the opinion makes it perfectly obvious that it was wholly immaterial in the decision of the question before the court whether or not there was in fact any such conflict.

The opinion does not cite or quote or consider either section 4110 or 4111, and it was not necessary to do so in deciding the case, and the opinion concludes with the statement "that the state taxes were collectible from the warehousemen according to the terms of our statutes."

Certainly, then, this opinion cannot be accepted as authority, as clearly it never was intended, for ignoring or distorting the plain and unambiguous terms of our statutes.

It is, therefore, clear that the statements found in these opinions and relied upon by counsel for appellant, although sufficiently accurate for the purposes and under the circumstances in which they were employed, are neither accurate nor binding in the circumstances and for the purposes of this case, in which for the first time the question now under consideration is presented to this court for decision.

Neither is there anything said or decided in the case of Dawson v. Distilleries & Warehouse Co., 255 U. S. 291, that in the least supports appellant's contention, since the

court there was considering an entirely different act, couched in very different language.

Wherefore the judgment is affirmed.

The whole court, except Judges Settle and McCandless, sitting.