[S. F. No. 12867. In Bank.—June 26, 1928.]

JOSEPH A. HARRIS, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION, etc., and SAN FRANCISCO
BRIDGE COMPANY et al., Respondents.

F. W. Sawyer and Sawyer & Sawyer for Petitioner.

G. C. Faulkner and R. P. Wisecarver for Respondents.

RICHARDS, J.—The petitioner for a writ of review herein was at the time of the injuries for which he sought an award an employee of the respondent San Francisco Bridge Company of which its co-respondent, Federal Mutual Liability Insurance Company, was at said time the insurance carrier. The petitioner's injuries were caused by his being struck by a plank on the head while in the course of his employment and on or about the thirty-first day of March, 1927. No immediate disability followed and he continued in his usual employment until June 2, 1927, when he became paralyzed and bedridden and totally disabled and so continued thenceforth and down to and including the hearing of his cause before the Commission. The undisputed evidence presented at such hearing showed that his paralyzed and bedridden and totally disabled condition was the direct result of his injuries received as aforesaid. The claim of the applicant for an award was not filed before the Commission until November 1, 1927, and not within six months after the date of his injury, and the main defense of the respondents, his employer and its insurance carrier, upon the hearing before the Commission consisted in the plea that the belated application of the petitioner for an award was barred by the limitation prescribed by section 11 of the Workmen's Compensation Act. The Commission in denying the applicant relief based its findings and order solely upon that ground and also denied the application of the petitioner for a rehearing presumably upon the same ground.

In his said application for a rehearing said petitioner urged, and also urges in his application for this writ, that the respondents have waived their right to plead the bar of the limitation prescribed in section 11 of said act by their failure to present said plea upon the first hearing before the Commission, the basis of his said contention being that according to the record of said hearing before the Commission his application for compensation was filed on November 1, 1927; that notice of the hearing thereon was given on November 7, 1927, wherein the date of November 23, 1927, was the day fixed for said hearing. The record, however, discloses that at the date of such hearing the time of the respondents to answer had not expired,

and that while the respondents appeared at such hearing and some rather informal proceedings were had upon that day the further hearing was continued until December 6, 1927, at which time the written answer of the respondents containing their plea to the effect that the applicant's claim was barred by the aforesaid provision of the statute was filed. In this state of the record we are of the opinion that under a liberal interpretation of the Workmen's Compensation Act the respondents' plea of the bar of the statute was timely and that there is therefore no merit in the petitioner's first contention.

▉ The second contention upon which the petitioner strongly relies is that the Commission was wholly in error in holding that the claim of the applicant for an award was filed too late and in denying him relief upon that sole ground. Section 11 of the Workmen's Compensation Act (Stats. 1917, pp. 831–841) provides as follows: ''(b) The periods within which proceedings for the collection of compensation may be commenced are as follows:

'' (1) Proceedings for the collection of the benefit provided by subsection (a) of section nine or for the collection of the disability payment provided by subsection (b) of said section nine must be commenced within six months from the date of the injury, except as otherwise provided in this act.

'' (c) . . . *provided, further,* that the provisions of this section shall not apply to an employee who is totally disabled and bedridden as a result of his injury, during the continuance of such condition or until the expiration of six months thereafter.''

It is the contention of the respondents herein that the foregoing provision of section 11 of the Workmen's Compensation Act embodying as it does a period of limitation within which proceedings for the collection of the benefits provided for in said act must be commenced is to be given the same interpretation that has been uniformly applied to similar statutes of limitation from the time of the engrafting of such statutes upon the common law of England down to the present time and which interpretation is to the effect that when the prescribed period of a statute of limitation begins to run it continues to run, with certain specified and limited exceptions, during the prescribed

period of limitation, and that unless the party entitled to commence an action or proceeding does so within the period so prescribed his right of action, unless it can be brought within the aforesaid exceptions, is forever barred. There can, of course, be no question as to the correctness of the respondents' position and of the authorities which are cited to sustain it as applicable generally to those statutes of limitation which we have inherited from the laws of England and which may be found embodied in the various provisions relating thereto in our Code of Civil Procedure. But notwithstanding that fact a very serious question arises as to whether the legislature intended that the foregoing rigid rule of interpretation applied generally to the limitation of actions should be given application to the particular provision of the Workmen's Compensation Act which is here under review. That the legislature intended that the Workmen's Compensation Act as to any part or portion thereof which it should come within the province of the court to interpret should be liberally construed by such court for the purpose of extending the benefits of the act for the protection of the persons injured in the course of their employment is made plain by section 69a of said act, which so expressly provides. With this admonition in mind we now turn to section 11 of the Workmen's Compensation Act with a view to determining its real intent and meaning.

We note at the very outset a marked distinction between the terms of the limitation embraced therein and those employed in the various provisions of the Code of Civil Procedure which relate to the limitations of actions and proceedings thereunder. The code provisions relating generally to the time within which civil actions and proceedings must be commenced are embraced in part II, title II of said code and in each instance wherein a period of limitation is prescribed for the commencement of a particular action or proceeding such action or proceeding can only, with certain exceptions, be commenced within the periods prescribed in said title *"after the cause of action shall have accrued."* The provisions of said title which embody the exceptions to the general rule also expressly refer and relate to the time "when the cause of action accrues." Had the legislature intended, in the adoption of the Workmen's Compensa-

tion Act, to provide in the period of limitation embodied therein that as to the exceptions thereto the rigid rule of the general law relating to the running of limitations should be given application it could most easily and effectively have done so by adopting the language of the general law above referred to or words of similar import. When, however, we turn to the provision of the Workmen's Compensation Act as contained in section 11 thereof we find that the legislature not only did not adopt the provisions of the general law relating to the exceptions to the period of limitation therein prescribed but, on the contrary, carefully avoided so doing. By reference to the portions of section 11 of said act above quoted it will be seen that when the time is fixed within which proceedings for the collection of the benefit provided for in said act are to be commenced it is stated that such proceeding "must be commenced within six months *from the date of the injury*"; but when in a later portion of said section the exception to said limitation is set forth it is provided "that the provisions of this section shall not apply to an employee who is totally disabled and bedridden *as a result of his injury.*" The difference in statement between the limitation and the exception to it is marked and plain since, had the lawmakers intended that the totally disabled and bedridden condition of the employee resulting from his injuries was to have its inception at the date of his injury in order to operate to toll the limitation, it would have employed in the exception the same phraseology which it used in fixing the time when the limitation would commence to run, i. e., "from the date of the injury." To interpret the clause in the exception to mean that the totally disabled and bedridden condition which would entitle the employee to the benefit of the exception must be the immediate consequence of his injury is not only to do violence to its terms but is to give the section itself a meaning wholly contrary to the spirit of the act, and particularly to that portion thereof above quoted which enjoins liberality of interpretation in the interest of and for the benefit of the employee. But in addition to this it may be stated that while it is true that in fixing a comparatively brief period of limitation within which proceedings for the collection of the benefits provided for in the Workmen's Compensation Act must be begun the legislature had

in mind the general principle underlying statutes of limitation, it may not be said that in the insertion of the exception here under review the legislature was confronted with a situation either identical or similar to that provided for in the law regulating generally the limitation of actions, since in such law a totally disabled or bedridden condition of a litigant has never been held to furnish a reason for tolling the period of limitation applicable to his cause of action. In dealing with the rights and benefits accruing to injured employees under the provisions of the Workmen's Compensation Act the lawmakers were dealing with a unique situation wherein the parties to the proceedings provided for in said act do not stand in the position of dealing at arm's-length with each other as in the case of ordinary litigants, but, on the contrary, occupy the relation of employer and employee wherein during the existence of that relation the employee has been to a greater or less degree incapacitated by reason of injuries received in the course of his employment; and while for such injuries it is entirely fitting that a brief period of limitation should be fixed upon as the time within which he must commence the proceedings before the Commission through which he is to receive, if entitled thereto, the benefits to which in consequence of such injuries he is entitled, it would be altogether unreasonable and out of accord with the spirit of the act to hold that unless the employee's injury was so severe as to place him immediately in a totally disabled and bedridden condition he could derive no benefit from the exception here under review. The phrase in the exception "as a result of his injury" is not qualified by the condition, either expressed or implied, that such result shall be immediate, and the instant case would seem to furnish a most apt and striking reason why the exception in question should not be given any such strained and narrow interpretation.

It is our conclusion, therefore, that a liberal interpretation of section 11 of said act requires us to hold that whenever it is made to appear that if at any time during the period of limitation provided for in said act the injured employee has become "totally disabled and bedridden as a result of his injury" the period of limitation within which he must begin proceedings before the Commission for the

collection of the benefit to which he is entitled under said act is tolled during the continuance of such condition.

It is argued by the respondents herein that such an interpretation would have the effect of prolonging unreasonably the period within which such proceedings must be begun. We see little force, however, in this suggestion for the twofold reason that traumatic injuries as a result of which persons become totally disabled and bedridden are not in ordinary circumstances followed by any great prolongation of such conditions, and for the further reason that with regard to statutes of limitation generally the tolling of the statute continues during the period when the exceptions to it are in operation even though that period may be prolonged for as much as twenty years (Code Civ. Proc., sec. 328). The respondents herein have relied strongly upon the case of *Rose* v. *Petaluma & Santa Rosa Railway Co.*, 64 Cal. App. 214 [221 Pac. 406], as not only sustaining their contention herein but as having been decided in the year 1923, since which time several state legislatures have convened and wherein the Workmen's Compensation Act, while amended in other respects, has not been changed in respect to the provision of section 11 thereof so as to alter the interpretation of said section imputed to it in that case. An examination of the record, however, in that case discloses a state of facts the existence of which would have debarred the injured employee from the benefit of the exception to section 11 which the court in that case undertook to interpret and apply. Upon the facts as stated in said opinion the applicant for an award was never at any time during the period of limitation in any or at most any prolonged situation which could be described as a "totally disabled and bedridden condition." This being so, the exception provided for in section 11 of said act could have had no application to the applicant's case, and hence whatever comment the court in that case made upon the meaning to be accorded to the language of said exception was *obiter dictum* which the courts were not required to follow nor the legislature to regard. A fuller consideration of the subject leads us to the conclusion above set forth, from which it follows that the rule of interpretation adopted by the appellate tribunal in the case last above cited must be disapproved.

It follows from the foregoing that the decision of the Commission denying the petitioner a hearing and award for the reasons therein stated must be set aside and the cause remanded to said Commission for further proceedings in accord with the views expressed in this opinion.

It is so ordered.

Shenk, J., Seawell, J., Curtis, J., Preston, J., and Waste, C. J., concurred.