[Civ. No. 251. Fourth Appellate District.—July 8, 1930.]

I. D. HIGH, Appellant, v. C. S. BOND, Respondent.

Hendee & Rodabaugh and William H. Wylie for Appellant.

Lewis R. Kirby for Respondent.

BARNARD, J.—This is an action for damages. The plaintiff, who was a "trouble-man" for the San Diego Gas & Electric Company, was sent at some time after 7:30 P. M. on April 1, 1926, to repair a certain street light. The evidence shows this light was not at a street intersection, but was hanging over the road on a rather sharp curve, and about two feet north of the center of the street. The plaintiff stopped his car, headed east, next the south curb and about opposite the street light. He testified that after lowering the street light by means of a rope from a light pole on the curb, he took a stepladder from his car, and that he had just stood the ladder on the ground at the left of his car, when he was hit. The driver and another occupant of defendant's car, however, testified that while traveling west, they came around the curve; that they were temporarily blinded by the lights of plaintiff's car; that they suddenly saw a stepladder near the center of the street, under the lamp; that before they could stop the car struck the stepladder; and that the defendant fell on the hood of the car, breaking the windshield, and then slid off to the pavement. Defendant's car was being driven at about twenty miles an hour and traveled about twenty feet after striking the ladder. Plaintiff brought this suit to recover for the injuries he sustained. The action was tried before the court, without a jury, and the court found for the defendant, holding the plaintiff to have been guilty of contributory negligence. The plaintiff has appealed from the judgment.

Findings were waived by the parties to the action and therefore every intendment is in favor of the judgment and it must be presumed that the trial court found all facts necessary to support the judgment. (*Gray v. Gray*, 185 Cal. 598 [197 Pac. 945].) The only point here raised is as to whether the evidence supports the implied finding as to contributory negligence.

The respondent pleaded contributory negligence on the part of appellant. Such negligence is ordinarily a ques-

tion of fact, and becomes a question of law only when the evidence is such that the court is compelled to say that it is not in conflict on the facts, and that from these facts only one inference can be drawn by reasonable men, namely, an inference pointing unerringly to or against contributory negligence on the part of the plaintiff. (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125].) The appellant, in effect, argues that the court should have accepted his theory of the case; that is, that he was struck and injured while standing beside his own car on the right side of the road and not, as claimed by the defendant, near the center of the road while standing on the stepladder. Considering all the evidence in the record, as must be done, it cannot be held, as a matter of law, that the plaintiff was free from contributory negligence, unless such evidence, with all inferences legitimately to be drawn therefrom, is such that a reasonable man must come to that conclusion. We cannot ·so hold, as in our opinion there is evidence which, with the reasonable inferences therefrom, supports the finding of the trial court upon this point.

The appellant had parked his machine just around a curve from the approaching automobile of the respondent, with his lights angling across the street in such a manner as to interfere with the vision of the driver of the oncoming car, as he rounded the curve. The curve in the street and the position of appellant's lights created a situation that was especially dangerous. There was evidence that appellant was standing on a ladder, either in the center of the street or to the respondent's right of the center, and that he had taken no means of any kind to warn approaching automobiles of his presence there. He himself testified "I had not taken any—used any protection at the time—I had not had a chance." Respondent's evidence, however, would indicate, not that he had no chance to give a warning of the unusual situation he was creating, but that he neglected to do so. Whether or not appellant was guilty of negligence, which contributed to his injury, was purely a question of fact, and we think the implied finding of the trial court is amply sustained by the evidence.

 This appeal is apparently based entirely upon a conflict in the evidence, and that the decision of a trial court

will not be disturbed upon such a ground, needs no citation of authority.

The judgment is affirmed.

Cary, P. J., and Ames, J., *pro tem.*, concurred.