[Civ. No. 8012. First Appellate District, Division Two.—January 22, 1932.]

E. J. VOGEL, Appellant, v. F. D. MARSH, Respondent.

E. J. Vogel, *in pro. per.*, for Appellant.

Louis V. Crowley and Cooley, Crowley & Supple for Respondent.

NOURSE, P. J.—Plaintiff sued for money had and received but pleaded facts for a suit for fraud and deceit. The cause was tried without a jury and defendant had judgment. Plaintiff appeals on a typewritten record.

The complaint alleged that in the month of October, 1918, defendant became indebted to plaintiff in the sum of $1733.21 for money had and received for the benefit of plaintiff; that at the time defendant was acting as agent for plaintiff in an exchange of real properties; that said sum was paid defendant by plaintiff upon defendant's representation to him that said sum was necessary to pay interest installments due under a mortgage against one of the pieces of property, whereas said interest had been fully paid by another party; that plaintiff did not discover the said "fraud and deceit" until the month of March, 1922. The answer denied specifically the material allegations of the complaint, and, by special plea, set up the bar of the statute of limitations.

The complaint was filed February 13, 1923, and the cause of action therein pleaded was, of course, barred unless the want of timely discovery of the alleged fraud was excused by competent proof. Upon this issue we do not examine the evidence with the care which would be required if an issue of fact were involved because findings were waived and all presumptions must therefore be given

to the judgment. One presumption is that the trial court impliedly found whatever fact was necessary to support the judgment.

██ Unless excused by a failure to discover the alleged fraud the delay of more than four years was fatal. Such excuse must be pleaded and proved by the party relying upon it. (16 Cal. Jur., p. 623 et seq.) The question of the sufficiency of the excuse is, of course, an issue of fact for the trial court. ██ The record discloses that a complete statement in writing was given plaintiff by defendant in October, 1918, and that plaintiff accepted this, paid defendant his commission, and closed the deal. Other circumstances were shown tending to prove that appellant had complete knowledge of the details of the transaction and, on the other hand conflicting evidence was presented by appellant. If findings had not been waived the trial court might well have found upon all the evidence that the delay was not excused and that the action was therefore barred. In support of the judgment we must assume that the trial court did so find.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 20, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1932.