[Civ. No. 1172.   Fourth Appellate District.—August 29, 1935.]

MINNIE STEWART et al., Appellants, v. OTTO LANGER, Respondent.

Geo. B. Bush for Appellants.

Wright, Monroe, Thomas & Glenn for Respondent.

MARKS, Acting P. J.—This is an appeal from a judgment rendered in favor of defendant Otto Langer denying plaintiffs' judgment for damages caused by the death of William Alfred Stewart, who was killed in a collision with an automobile being driven by defendant. Plaintiffs sued as the sole heirs at law of the deceased. The State of California did not appear in the action. Otto Langer will be referred to as the defendant.

Findings of fact were waived. The judgment recites that the trial court found the issues of the negligence of the defendant and the contributory negligence of Stewart in favor of defendant. "Findings having been waived, every intendment is in favor of the judgment, and, therefore, upon all of the issues raised by the pleadings, it must be presumed that the trial court, in effect, found all the facts necessary to support the judgment in favor of the plaintiff (the successful party). (*Antonelle* v. *New City Hall Commrs.*, 92 Cal. 228 [28 Pac. 270]; *Bruce* v. *Bruce*, 16 Cal. App. 353 [116 Pac. 994].)" (*Gray* v. *Gray*, 185 Cal. 598 [197 Pac. 945].)

As grounds for reversing the judgment plaintiffs urge that: "1. The deceased was not negligent. 2. The defendant was negligent. 3. The defendant had the last clear chance to avoid the accident."

As the sole question before us is the sufficiency of the evidence to support the implied findings of the trial court, our only problem is to determine if there is any material and competent evidence in the record supporting those implied findings. We are not concerned with conflicts in the evidence nor with the weight to be given to conflicting evidence.

There is evidence in the record showing the following facts: That highway number 101, at the place of the accident, runs

in a general northwesterly and southeasterly direction and has a twenty-foot strip paved with concrete; that defendant was approaching the place of the accident from the north traveling at a speed of about forty-five miles an hour which he reduced to about thirty-five miles an hour when several hundred feet north of the point of the accident; that the night was clear and dry with nothing to obstruct vision; that deceased alighted from his automobile on the easterly side of the pavement and after waiting for a car to pass proceeded to cross towards the westerly side; that defendant saw him and reduced his speed; that deceased stopped in the center of the pavement when defendant's automobile was about one hundred feet away, defendant continuing on his course; that when about twenty-five feet separated deceased and defendant's automobile, deceased started to run across the westerly half of the pavement; that defendant swerved his automobile to the right but the end of the left front fender struck deceased and his death ensued.

With these facts before him the trial judge was fully justified in concluding that defendant was not negligent; that deceased was guilty of contributory negligence; that the defendant did not have the last clear chance to avoid the accident.

■ Both parties have moved for diminution of the record. We find the record, as filed, amply sufficient for a determination of all the issues presented here.

The motions for diminution of the record are denied. ■ An order denying a motion for new trial is not appealable. (Sec. 963, Code Civ. Proc.) The attempted appeal from such order is dismissed.

The judgment is affirmed.

Jennings, J., concurred.

Barnard, P. J., being absent, did not participate herein.