[Civ. No. 15214. Second Dist., Div. Two. Apr. 17, 1946.]

WILMA FLORA CHILDERS, Respondent, v. JOHN E. CHILDERS, Appellant.

Courtney A. Teel for Appellant.

Harvey W. Guthrie for Respondent.

WILSON, J.—At the conclusion of the trial of this action, which was had before the court without a jury, findings of fact and conclusions of law were waived by both parties, whereupon an interlocutory judgment of divorce was awarded to plaintiff. Defendant has appealed on the judgment roll and a transcript of the evidence introduced at the trial. The only point raised is that the evidence is insufficient to sustain the findings that must be implied in support of the judgment.

1. *Assumptions and implications when findings are waived.*
█ Since findings of fact and conclusions of law were
waived every intendment is in favor of the judgment. It will
be assumed that the trial court found every fact essential to
the support of the judgment, and findings will be implied in
favor of the successful litigant upon all of the issues raised
by the pleadings. (*Gray* v. *Gray,* 185 Cal. 598, 599 [197 P.
945]; *Miller* v. *Pacific Freight Lines,* 40 Cal.App.2d 451, 453
[104 P.2d 1069]; *Green* v. *Darling,* 73 Cal.App. 700, 703
[239 P. 70]; *Jensen* v. *Burton,* 117 Cal.App. 66, 68 [3 P.2d
324].) █ But since a transcript of the evidence is before this
court the assumption goes no further, and we are not required
to and we do not indulge in an assumption as to the sufficiency
of the evidence to support the implied findings. The question
will be determined from an examination of the evidence
itself.

In two cases entitled *Gordon* v. *Mount,* 125 Cal.App. 701,
708 [13 P.2d 932], and *Bekins Van Lines, Inc.* v. *Johnson,*
21 Cal.2d 135, 137 [130 P.2d 421], it is said that where find-
ings of fact and conclusions of law are waived "it is pre-
sumed* that every fact essential to the support of the judg-
ment was proved and found by the court." It is the word
"proved" that gives rise to this discussion. In each of said
cases the entire evidence was before the reviewing court;
it was discussed and held to be sufficient to sustain the judg-
ments in the respective cases. Since the evidence was ade-
quate, it was not necessary to assume that sufficient facts
were *proved* to support the implied findings or to sustain the
judgment. The opinion in the Gordon case cites *Gray* v.
*Gray, supra,* and the Bekins case cites the Gray and Gordon
cases and *Miller* v. *Pacific Freight Lines, supra,* as authorities
for the statement above quoted. The Gray case, in stating
that upon the waiver of findings the presumption arises that
the trial court found all facts necessary to support the judg-
ment, cites *Antonelle* v. *New City Hall Commrs.,* 92 Cal. 228
[28 P. 270], and *Bruce* v. *Bruce,* 16 Cal.App. 353 [116 P. 994].

---

*The terms "presume" and "presumption" are deemed to have
been used in the cases cited herein synonymously with "assume" and
"assumption" and do not import presumptions defined in the Code of
Civil Procedure. In practical effect it would be more accurate to say
that the absence of findings or of evidence, or of both, from the record
on appeal is a waiver of the right of the appellant to question their
sufficiency.

In the Antonelle case findings were waived and the appeal was on the pleadings and judgment. In the Bruce case findings were waived and the evidence was not furnished to the appellate court. The Miller case states the same presumption as that in the Gray case and cites three cases: *Stewart* v. *Langer*, 9 Cal.App.2d 60, 61 [48 P.2d 758]; *High* v. *Bond*, 107 Cal.App. 153, 154 [290 P. 145], and *Benjamin Moore & Co.* v. *O'Grady*, 9 Cal.App.2d 695, 698 [50 P.2d 847]. In each of said three cases the evidence was taken up on appeal and the only presumption stated was that the trial court made all findings necessary to support the judgment. There was no reference to a presumption of evidence to sustain the implied findings. In both the Gray and Miller cases the only point raised was the sufficiency of the evidence to support the implied findings, and in each case the court discussed the evidence at length and held that it was sufficient. Neither the Gray nor the Miller case holds that any fact will be presumed to have been *proved*. Such a statement would have been uncalled for in view of the fact that the evidence in each case was found sufficient.

It thus appears that whatever was said in the Gordon and Bekins cases concerning a presumption of proof when the evidence was before the court was not only dictum but it has no foundation either in the decisions cited therein or in the cases which are referred to in the Gray and Miller opinions. None of the cases sustain the dictum.

It is where findings are waived and a transcript of the evidence is not furnished to the appellate court that it will be assumed that the evidence supports such implied findings as are necessary to sustain the judgment. (*Credit Bureau* v. *Horeth*, 60 Cal.App.2d 47, 49 [139 P.2d 962]; *Whitney* v. *Redfern*, 41 Cal.App.2d 409, 413 [106 P.2d 919]; *Cuthbert Burrel Co.* v. *Shirley*, 64 Cal.App.2d 52, 54 [148 P.2d 85]; *Harmon* v. *De Turk*, 176 Cal. 758, 761 [169 P. 680].)

In 24 California Jurisprudence, page 956, section 194, and in other reference works, we find a repetition of the same presumption as that hereinbefore quoted from *Gordon* v. *Mount* and *Bekins Van Lines, Inc.* v. *Johnson*. No distinction is made between the cases there cited in which the evidence was before the appellate court and those in which it was not. An examination of the citations will demonstrate that they support the text only when the evidence is not brought up on appeal, but have no relevancy when the appellate court has

the evidence before it. We have already pointed out that in *Gray* v. *Gray* the evidence was taken up on appeal and no assumption was indulged as to whether it supported the implied findings, and that in *Harmon* v. *De Turk, Antonelle* v. *New City Hall Commrs.*, and *Bruce* v. *Bruce*, the appeals were on the judgment roll alone and both findings and evidence were assumed in support of the judgment. Likewise *Green* v. *Darling*, 73 Cal.App.700 [239 P. 70], was appealed on the judgment roll alone. There was no mention of the sufficiency of the evidence. In each of the cases of *Ibbetson* v. *Ibbetson*, 52 Cal.App. 699 [199 P. 872], and *Jensen* v. *Burton*, 117 Cal. App. 66 [3 P.2d 324], implied findings necessary to sustain the judgment were held to be supported by the evidence which is set out in the opinions. In *Dee* v. *Dee*, 34 Cal.App. 658 [168 P. 588], findings were waived, the evidence was conflicting, and it was assumed that the court found all of the facts necessary to sustain the judgment. In *Kritzer* v. *Tracy Engineering Co.*, 16 Cal.App. 287 [116 P. 700], the appeal was upon the judgment roll but there were no findings. Whether there was an actual waiver of findings was disputed. The court said that since every intendment is in support of a judgment it would be presumed that findings were waived.

The confusion seems to have arisen through the inadvertent addition of the words ''proved and'' in the Gordon case, with the erroneous citation of the Gray case which is not authority therefor, and the repetition of the same words in the Bekins case, which cites the Gordon case as authority. No assumption as to the evidence was necessary in either of those cases, because, as hereinbefore stated, it was in the record.

The doctrine of *stare decisis* does not require us to follow those cases to the extent of assuming what facts were proved when the evidence is before us. It is a fundamental rule of that doctrine that a decision is not authority for what is *said* in the opinion but only for the points *actually involved* and actually decided. (*Norris* v. *Moody*, 84 Cal. 143, 149 [24 P. 37] ; *Hart* v. *Burnett*, 15 Cal. 530, 598.) The rule of *stare decisis* is a rule of public policy. For the preservation of harmony and for the stabilization of the law the courts will ordinarily follow precedents when the same points arise in subsequent litigation, although they will not persist in an absurdity or perpetuate a manifest error. There is no kinship between *stare decisis* and *obiter dictum*. Whatever

may be said in an opinion that is not necessary to a determination of the question involved is to be regarded as mere dictum. (*Cardenas* v. *Miller,* 108 Cal. 250, 252 [39 P. 783, 41 P. 472, 49 Am.St.Rep. 84].) ■ The statement of a principle not necessary to the decision will not be regarded either as a part of the decision or as a precedent that is required by the rule of *stare decisis* to be followed (*Brown* v. *Brown,* 83 Cal.App. 74, 81 [256 P. 595]; *Hills* v. *Superior Court,* 207 Cal. 666, 670 [279 P. 805, 65 A.L.R. 266]; *Laguna L. & W. Co.* v. *Greenwood,* 92 Cal.App. 570, 574 [268 P. 699]; *Harris* v. *Industrial Acc. Com.,* 204 Cal. 432, 438 [268 P. 902]), no matter how often repeated. (*W. B. Samuels & Co.* v. *Nelson County,* 204 Ky. 490 [264 S.W. 1098, 1099].) ■ Expression of dictum is not binding on a court inferior to that which rendered the decision. (*City of Mountain View* v. *Farmers' Telephone Exch. Co.,* 294 Mo. 623 [243 S.W. 153, 157]; *Travelers' Ins. Co.* v. *Lancaster,* (Tex.Civ.App.) 71 S.W.2d 318, 320; *Arthur C. Harvey Co.* v. *Malley,* 61 F.2d 365, 366; affirmed 288 U.S. 415 [53 S.Ct. 426, 77 L.Ed 866].)

■ When it is claimed on appeal that the evidence does not sustain the findings or judgment, there are two methods of ascertaining the answer: (1) To examine the evidence if it is in the record, and (2) to assume its sufficiency if it is not. The court will apply one or the other of these methods but it will not resort to an assumption of evidence when the transcript is present. We may assume something to be true when there is no evidence one way or the other on the subject; but when there is positive evidence of the existence of a fact the judgment must be based on the evidence and there is no room for an assumption. There can be no assumption or presumption that a fact does not exist in the face of uncontroverted evidence to the contrary. The only reason for the affirmance of the judgment in this action is the sufficiency of the evidence, not an assumption as to what took place at the trial and not shown by the transcript.

2. *Sufficiency of the evidence to sustain the implied findings.*

■ In support of the judgment findings must be implied that the charges of cruelty made by respondent were true, that she was entitled to permanent support in the amount awarded by the court, and that appellant had the ability to pay the same.

■ The evidence as to cruelty is sufficient to sustain the implied finding thereon. Respondent testified that appellant at-

tempted for a long period of time to keep their marriage secret; he introduced her under her maiden name; when they visited friends he asked her to remove her rings which were evidence that they were married; he never took her to places of amusement; he struck her several times and on two or three occasions grabbed her around the neck and choked her. Respondent's sister furnished corroboration for the latter acts of cruelty. Such evidence is sufficient to support the implied findings of appellant's cruelties. He offered nothing to the contrary, his testimony having been limited to their property and its value.

■ The parties had been married less than a year when the complaint was filed. After the commencement of the action a child was born of the marriage who was eight months old at the time of the trial. In view of the age of the child and the necessity for its mother's constant attention to it, the implied finding of the necessity for the award of permanent support to respondent in the sum of $100 per month will not be disturbed.

■ The implied finding of appellant's ability to pay the amount awarded is sustained by the evidence. He was permanently employed in the United States Post Office Department; his annual income was shown to be approximately $3,600 from salary and rentals; during the marriage he had given respondent about $100 per month; in the year preceding the trial he had sold property (title to which he had taken in the name of his cousin) for about the sum of $1,000 above the purchase price after paying expenses of sale. After deductions for taxes and for his own living expenses he was still able to pay the amount required by the judgment. The amount awarded was not unreasonable.

Judgment affirmed.

Moore, P. J., concurred.

McCOMB, J.—I concur in the judgment for the reason stated: that the evidence is sufficient to sustain the implied findings. But I do not subscribe to the conclusion reached in the main opinion under the heading (1) Assumptions and implications when findings are waived.

In spite of the language in certain earlier decisions to the contrary, it is my opinion that the Supreme Court has now established the law in California to be that where findings of

fact and conclusions of law are waived by the parties, on an appeal from the judgment an appellate court will presume that every fact essential to the support of the judgment was (1) proved and (2) found by the trial court.

In *Gordon* v. *Mount* (1932), 125 Cal.App. 701 [13 P.2d 932], Mr. Justice Plummer speaking for the District Court of Appeal at page 708 says: "Where findings are waived it is presumed that every fact essential to the support of the judgment was *proved* and *found* by the court. (*Gray* v. *Gray*, 185 Cal. 598 [197 P. 945]; 24 Cal.Jur., p. 956, and the cases there cited.)

"In support of the judgment, there being no findings in this case, we must hold that the court, notwithstanding the record shows want of probable cause and lack of reliance upon advice of counsel that the testimony introduced in the cause did not justify the charge of malice, and the existence of malice being a question of fact, we are bound by the judgment of the trial court." (Italics added.)

In *Bekins Van Lines, Inc.* v. *Johnson*, 21 Cal.2d 135 [130 P.2d 421], *Gordon* v. *Mount, supra,* is cited with approval, the Supreme Court saying at page 136 et seq.: "After the trial judge had ordered the judgment, findings of fact and conclusions of law were waived by written stipulation of counsel. On this state of the record every intendment is in favor of the judgment, and it is presumed that every fact essential to the support of the judgment was *proved* and *found* by the court. (*Gray* v. *Gray*, 185 Cal. 598 [197 P. 945]; *Miller* v. *Pacific Freight Lines*, 40 Cal.App.2d 451 [104 P.2d 1069]; *Gordon* v. *Mount*, 125 Cal.App. 701 [13 P.2d 932]; 24 Cal.Jur. p. 956, and cases there cited.) The applicable rule requires *the assumption that the proof showed* and that the *court found* and concluded that the services out of which the disputed tax arose were so much a part of the business of the plaintiff, were so customarily rendered in that connection, and so directly contributed to the transportation which was the plaintiff's principal business, that money derived therefrom must be regarded as part of the 'gross receipts from operations of said operator' and taxable as such." (Italics added.)

In *Ibbetson* v. *Ibbetson*, 52 Cal.App. 699 at 702 [199 P. 872], the court says: "Findings having been waived, the presumption is that every fact essential to the support of the judgment was *proved* and *found* by the court and that accordingly the court found that there was no community property." (Italics added.)

It is apparent that the legal profession had understood the rule to be as just stated, for in 24 California Jurisprudence, at page 956, appears this statement: "Where findings are waived, it is presumed that every fact essential to the support of the judgment was *proved* and *found* by the court." (Italics added.)

Again, in 2 Bancroft's Code Practice and Remedies the rule is stated as follows: "Even in those jurisdictions wherein the court is required to make findings although not requested, findings may be waived, and if waived it is presumed in support of the judgment that every material fact was *proved* and *found*." (Italics added.) See, also, *Vogel* v. *Marsh*, 120 Cal. App. 99 at 100 [7 P.2d 756]; *Gordon* v. *Mount, supra,* at 709, and *Jensen* v. *Burton,* 117 Cal.App. 66 at 68 et seq. [3 P.2d 324].*

Such a rule appears to be fair and in consonance with the simplified pleading in this state. Should a litigant desire to question the sufficiency of the evidence he should request findings so that the trial court and opposing counsel may know that on appeal the sufficiency of the evidence to sustain the findings may be attacked; and in the event sufficient evidence has not been introduced to support a material finding of fact opposing counsel may request, or the trial court may direct, that the case be reopened and the parties given an opportunity to produce evidence to support a material finding, if they are in a position to do so.

In any event, the Supreme Court of the state has stated that where findings of fact are waived the presumption is that every fact was *proved and found* by the court. Hence this court is bound by the decision of the Supreme Court until such time as that court may disapprove or overrule its decision as set forth above. (*Estate of Mickelson,* 37 Cal.App. 2d 450 at 453 [99 P.2d 687]; *Sawyer* v. *Sterling Realty Co.,* 41 Cal.App.2d 715 at 724 [107 P.2d 449]; *Chrisman* v. *Culinary Workers Local,* 46 Cal.App.2d 129 at 132 [115 P.2d 553].)

---

*The use of the words "presumed" and "presumption" in the cited cases is unfortunate and has had a tendency to cause confusion in the decisions. The true legal concept may be expressed accurately thus: When findings of fact and conclusions of law are waived, on appeal appellant will be deemed to have waived the right to urge either that (1) the evidence is insufficient to support implied findings of fact or, (2) the implied findings do not sustain the judgment.

The law is established in California that where two independent reasons are given for a decision neither one is to be considered mere dictum, since there is no more reason for calling one ground the real basis of the decision than the other. The ruling on both grounds is the judgment of the court and each is of equal validity. (*California Employment Stab. Com.* v. *Municipal Court,* 62 Cal.App.2d 781 at 787 [145 P.2d 361], and cases therein cited.) Under this rule the statement of the Supreme Court in *Bekins Van Lines Inc.* v. *Johnson, supra,* was an independent reason for the decision and hence not dictum.

The result, therefore, in my opinion is that this court is bound by the decision of the Supreme Court, and that since the parties waived findings of fact and conclusions of law defendant may not urge before this court the insufficiency of the evidence to support the judgment.

A petition for a rehearing was denied May 1, 1946, and appellant's petition for a hearing by the Supreme Court was denied June 6, 1946.