Filed 6/23/21  P. v. Ramirez CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND SALVADOR RAMIREZ,<br><br>    Defendant and Appellant. | B306029<br><br>(Los Angeles County<br>Super. Ct. No. KA060104) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Reversed and remanded with directions.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Jonathan M. Krauss, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Defendant and appellant Raymond Salvador Ramirez (defendant) appeals from the judgment entered on remand after reversal of the denial of his petition for vacatur and resentencing pursuant to Penal Code section 1170.95.[1]  Defendant contends that the trial court erred by converting the murder count to robbery rather than vacating it and resentencing him on the remaining counts.  Defendant also contends that the trial court should have specified that the direct victim restitution order was to be a joint and several obligation with his codefendants, and that the restitution fine should have been deemed satisfied in full due to excess custody credits.  We agree that the trial court erred in converting the murder conviction to robbery.  We also agree that the restitution fine should be deemed satisfied.  We thus reverse the judgment and remand with directions.

## BACKGROUND

Defendant was convicted in 2003 of first degree felony murder with a true finding of the special circumstance that defendant was an aider and abettor of the robbery who acted as a major participant with reckless indifference to human life, as alleged under former section 190.2, subdivision (a)(17). Defendant was also convicted of two counts of second degree robbery, assault with a deadly weapon, and conspiracy to commit robbery.  The trial court sentenced defendant to life in prison without the possibility of parole, and stayed the sentences imposed as to the remaining counts.  We affirmed the judgment on direct appeal, and the California Supreme Court denied

---

[1]      All further statutory references are to the Penal Code, unless otherwise indicated.

review.  (See *People v. Lopez* (Oct. 6, 2004, B170919) [nonpub. opn.].)

In 2017, defendant filed a petition for habeas corpus in this court, based upon California Supreme Court authority decided in 2015 and 2016.[2]  The petition alleged that substantial evidence did not support the findings that defendant was major participant who acted with a reckless indifference to human life. We agreed, granted the petition, struck the special circumstance finding, and remanded the matter to the trial court for resentencing.  (*In re Ramirez* (Dec. 19, 2017, B282005) [nonpub. opn.] (*Ramirez I*).)  The trial court resentenced defendant to a term of 25 years to life on the murder count.  The sentences on the remaining counts were not changed.

In 2019, defendant filed a petition under section 1170.95 to vacate his murder conviction based upon the 2019 amendment to section 189, which provides that the felony murder rule does not apply to a person who was not the actual killer and did not act with reckless indifference to human life.  (See § 189, subds. (a) & (e).)  Section 1170.95 created a procedure whereby a person whose felony-murder conviction was final, but who could not have been convicted under the amended statute, could petition to have the conviction vacated.  (§ 1170.95, subd. (a).)  Section 1170.95, subdivision (d)(2) provides that "the court shall vacate the petitioner's conviction and resentence the petitioner" if there was a prior court finding that he was not a major participant who acted with reckless indifference to human life.  Since there was such a prior court finding in *Ramirez I*, *supra*, B282005,

---

[2]     See *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.

3

defendant was eligible for vacatur and resentencing under the statute.

In a published opinion, we reversed the trial court's order denying the petition and remanded with directions: "The order denying defendant's petition to vacate his murder conviction and for resentencing is reversed. The matter is remanded to the superior court with directions to grant the petition, vacate defendant's murder conviction, and resentence him *on the remaining counts*." (*People v. Ramirez* (2019) 41 Cal.App.5th 923, 933, italics added (*Ramirez II*).)

On February 26, 2020, the trial court amended the information on its own motion and made count 1 a robbery conviction. Defendant was then resentenced to a total term of eight years, as follows: count 1, the high term of five years; counts 2, 3, and 4, consecutive terms of one year each, representing the one-third the middle term; and count 5, three years, stayed under section 654.

Defendant filed a timely notice of appeal from the judgment.

## DISCUSSION

### I. Duplicate underlying charge

Defendant contends that the trial court erred by converting the murder conviction to a duplicate robbery conviction in count 1 instead of following the appellate court's direction to vacate the murder conviction and resentence him on the remaining counts. At the sentencing hearing, defense counsel pointed out that count 2, the robbery committed against Carmen Castro was the felony underlying the felony-murder charge, and asked that the court impose the middle term. The trial court stated that the appellate

4

court had converted count 1 to a robbery and had suggested the five-year high term, giving its reasons as follows:

> "Count 1 is converted by order of the Court of Appeals to a robbery. And I'm finding that's based on the totality of the facts of this case, as well as Count 5, the conspiracy to commit robbery with a huge number of overt acts pled and proved by the People. [¶] As to the facts of our case, we have a team activity, as indicated in Count 5; we have participants armed; there was a murder in the case."[3]

Defendant contends that the trial court erred in three ways: (1) by following inapplicable procedure for resentencing under section 1170.95; (2) by failing to follow the appellate court's directions; and (3) by violating the constitutional prohibition against double jeopardy, as defendant had already been convicted in count 2 of the underlying felony. As we agree with the first two conclusions, we do not reach the constitutional issue. (See *People v. Williams* (1976) 16 Cal.3d 663, 667.)

Defendant first argues that the trial court erroneously followed the inapplicable procedure set forth in section 1170.95, subdivision (e), which provides for resentencing when the felony underlying the vacated felony murder conviction was *not* charged against the defendant. In such a case, "the trial court redesignates the 'underlying felony for resentencing purposes.' (§ 1170.95, subd. (e).)" (*People v. Howard* (2020) 50 Cal.App.5th 727, 729-730.) It follows that if the underlying felony *was* charged, there is no reason to amend the information or replace

---

[3]     Though the trial court did not expressly vacate the murder conviction, the minutes of the hearing state that the court granted the petition and vacated the murder conviction.

the vacated murder conviction with a duplicate underlying charge as the trial court did here.

"The statutory definition of first degree felony murder is . . . '. . . murder . . . committed in the perpetration of, or attempt to perpetrate [certain enumerated felonies including robbery . . .] . . . .' (§ 189.)" (*People v. Clark, supra*, 63 Cal.4th at p. 615.) Here, the underlying robbery committed against the murder victim, Carmen Castro, was charged in count 2 of the information, and the jury found defendant guilty of count 2. A second robbery was charged in count 3, and the jury found defendant guilty of that robbery, as well. The proper procedure to follow when the defendant is found eligible for resentencing and has been convicted separately of the underlying charge is found in section 1170.95, subdivision (d)(3): "[T]he prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the *remaining* charges." (*Ramirez II, supra*, 41 Cal.App.5th at p. 933, italics added.) Thus, the proper procedure in this case would have been to vacate the murder conviction without amending the information, and then resentence on the remaining charges, counts 2 through 5.

The second error identified by defendant was the trial court's failure to follow the appellate court's directions. "'Where a reviewing court reverses a judgment with directions . . . the trial court is bound by the directions given and has no authority to retry any other issue or to make any other findings. Its authority is limited wholly and solely to following the directions of the reviewing court.'" (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1367.) "[T]he rule requiring a trial court to follow the terms of the remittitur *is jurisdictional*, unlike the law of the case

6

doctrine." (*Ibid.*, citing *Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5 & *Rice v. Schmid* (1944) 25 Cal.2d 259, 263.) The appellate court's "directions are 'binding on the trial court and must be followed. Any material variance . . . is unauthorized and void.'" (*People v. Dutra, supra*, at p. 1367, quoting *Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982.)

An appellate court's decision is found in the disposition section of its opinion, and it is the disposition which constitutes the judgment on appeal. (*People v. Awad* (2015) 238 Cal.App.4th 215, 223.) Here, the trial court stated that it intended to follow the appellate court's orders "exactly," but then ruled that dicta in a footnote of the opinion represented the appellate court's orders. It did not. The trial court referred to footnote 4, in which we attempted to calculate to defendant's assertion that "resentencing on the previously stayed counts would yield a maximum sentence of eight years in prison." (*Ramirez II, supra*, 41 Cal.App.5th at p. 933.) We mistakenly included count 1, and in any event, we did not convert count 1 to robbery, we did not suggest the high term, and we had no intention of suggesting to the court how to resentence defendant.[4]

Our directions on remand were stated in the disposition, not in a footnote. As the trial court did not follow the directions given, its orders after remand are void. (*People v. Dutra, supra*, 145 Cal.App.4th at p. 1367.) We shall therefore again order the trial court to vacate the murder conviction and resentence

---

[4] "Whatever may be said in an opinion that is not necessary to a determination of the question involved is to be regarded as mere dictum." (*Childers v. Childers* (1946) 74 Cal.App.2d 56, 61-62.)

7

defendant on the remaining counts, as required by section 1170.95, subdivision (d)(2).

## II. Direct victim restitution

Defendant asks that we order the trial court to amend the abstract of judgment to reflect that the $9,073.85 direct victim restitution order is a joint and several obligation of defendant and his codefendants. Defendant points out that the trial court did not so specify, either orally or on the abstract of judgment. He argues that the trial court could have ordered each of the four defendants to pay one-quarter of the victim's total losses individually, but should not have ordered defendant to pay the entire amount without making the award the same for all four defendants without specifying that the obligation was to be joint and several. Otherwise, defendant argues, the award could grow to four times the amount of actual economic loss, which would constitute an unauthorized sentence.

Defendant relies on *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1535, where each of the trial court's restitution orders against several defendants constituted full compensation for the victims' losses. The defendants argued that requiring each of them to pay full victim restitution in the same amounts would result in unjust enrichment for the victims. The appellate court held that under such circumstances, it was apparent that the trial court intended that each restitution order be joint and several, and the appellate court may amend the abstract of judgment to so reflect. (*Ibid.*) Thus, if several defendants are each ordered the full amount of restitution to be received by a victim or victims, it would be apparent that the order was meant to be joint and several. (See *ibid.*)

8

Respondent asserts that defendant has failed to preserve this issue for appeal because he did not raise it in the trial court. Forfeited or not, defendant has not provided a record that is adequate for review. He has suggested in argument that funeral costs of $9,073.85 were the full extent of the restitution ordered against all defendants, but he has not pointed to evidence in the record for his suggestion, other than the orders affecting only defendant, which are not clear on this point. "It is axiomatic that it is the burden of the appellant to provide an adequate record to permit review of a claimed error, and failure to do so may be deemed a waiver of the issue on appeal." (*People v. Akins* (2005) 128 Cal.App.4th 1376, 1385, citing *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.)

As the judgment entered after remand was unauthorized and we again remand the matter for resentencing, defendant will have the opportunity to ask the trial court to clarify whether defendant is to pay one-quarter of the full restitution amount individually or the full amount jointly and severally, thereby having the opportunity to make the appropriate record.

## III.  Restitution fine

Relying on the recent decision in *People v. Lamoureux* (2020) 57 Cal.App.5th 136 (*Lamoureux*), defendant claims to be entitled to have his excess custody credits applied as an offset to the $5,000 restitution fine imposed pursuant to section 1202.4, former subdivision (b). (Stats. 2000, ch. 1016, § 9.5.) Respondent agrees, as do we.

In *Lamoureux*, as here, after the defendant's section 1170.95 petition was granted, she had sufficient custody credits for immediate release upon resentencing, with excess custody credits that should have been applied to outstanding fines,

9

including the restitution fine, pursuant to the version of former section 2900.5 in effect at the time of her offense in 2011. (*Lamoureux, supra*, 57 Cal.App.5th at p. 152; see *People v. Souza* (2012) 54 Cal.4th 90, 142-143 [the ex post facto clause applies to restitution fines].) If the excess credits clearly offset the entire restitution fine, the appropriate remedy on appeal is for the reviewing court to deem the restitution fine satisfied in full and strike the fine, or direct the trial court to modify the judgment to so reflect. (See *Lamoureux*, at p. 154 [fine stricken by appellate court]; *People v. Morris* (2015) 242 Cal.App.4th 94, 103 [trial court ordered to modify judgment].)

Here, defendant's crime was committed in 2002 and he was sentenced in 2003. At that time, former section 2900.5 a provided, in relevant part as follows:

> "In all felony . . . convictions, either by plea or by verdict, . . . all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment, or credited to any fine on a proportional basis, including, but not limited to, base fines and restitution fines, which may be imposed, at the rate of not less than thirty dollars ($30) per day, or more, in the discretion of the court imposing the sentence. If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served. In any case where the court has imposed both a prison . . . and a fine, any days to be credited to the defendant shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine on a proportional basis, including, but not limited to, base fines and restitution fines." (Stats. 1998, ch. 338, § 6.)

10

At defendant's resentencing on February 26, 2020, the trial court found that defendant was entitled to 6,376 days of combined custody and conduct credit, and sentenced defendant to eight years, which amounted to 2,920 days. This left 3,456 days of excess credit. The $30 per day for 3,456 days plainly exceeds $5,000. We thus direct the trial court not to reimpose the restitution fine and to ensure that the judgment entered after remand reflects that the fine has been satisfied in full.

## DISPOSITION

The judgment entered after remand is reversed. The matter is again remanded to the superior court with directions to vacate count 1 and to resentence defendant on the remaining counts. The judgment entered upon resentencing shall reflect that the full restitution fine has been satisfied.


_____, J.
CHAVEZ

We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST

11